UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---

UNITED STATES OF AMERICA,

v.

ROSS SHAPIRO,
MICHAEL GRAMINS, and
TYLER PETERS,

Defendants.

No. 15-cr-00155 (RNC)

March 15, 2017

**DEFENDANTS' JOINT REQUESTS TO CHARGE**

GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-6832
Facsimile: (212) 801-6400
Email:mukaseym@gtlaw.com
*Attorneys for Michael Gramins*

PETRILLO KLEIN & BOXER LLP
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
Facsimile: (315) 873-2015
*Attorneys for Ross Shapiro*

ALSTON & BIRD LLP
90 Park Avenue, 15th Floor
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
*Attorneys for Tyler Peters*

# LIST OF PROPOSED JURY INSTRUCTIONS

PROPOSED JURY INSTRUCTION NO. 1
INTRODUCTION ........................................................................................................1

PROPOSED JURY INSTRUCTION NO. 2
ROLE OF THE COURT........................................................................................2

PROPOSED JURY INSTRUCTION NO. 3
ROLE OF COUNSEL............................................................................................4

PROPOSED JURY INSTRUCTION NO. 4
COMMON COUNSEL AND COUNSEL COOPERATION ..................................5

PROPOSED JURY INSTRUCTION NO. 5
ROLE OF THE JURY ............................................................................................6

PROPOSED JURY INSTRUCTION NO. 6
SYMPATHY OR BIAS..........................................................................................8

PROPOSED JURY INSTRUCTION NO. 7
LARGE SUMS OF MONEY................................................................................10

PROPOSED JURY INSTRUCTION NO. 8
ALL PERSONS EQUAL BEFORE THE LAW ...................................................11

PROPOSED JURY INSTRUCTION NO. 9
PRESUMPTION OF INNOCENCE.....................................................................12

PROPOSED JURY INSTRUCTION NO. 10
THE GOVERNMENT'S BURDEN OF PROOF...................................................13

PROPOSED JURY INSTRUCTION NO. 11
THE REASONABLE DOUBT STANDARD........................................................14

PROPOSED JURY INSTRUCTION NO. 12
REASON FOR THE REASONABLE DOUBT STANDARD...............................16

PROPOSED JURY INSTRUCTION NO. 13
PROOF OF EACH ELEMENT .............................................................................17

PROPOSED JURY INSTRUCTION NO. 14
DIRECT AND CIRCUMSTANTIAL EVIDENCE ..............................................18

PROPOSED JURY INSTRUCTION NO. 15
NUMBER OF WITNESSES ................................................................................20

PROPOSED JURY INSTRUCTION NO. 16
WITNESS CREDIBILITY ...................................................................................21

PROPOSED JURY INSTRUCTION NO. 17
JURY CAN ACCEPT OR REJECT TESTIMONY ..............................................23

PROPOSED JURY INSTRUCTION NO. 18
PRIOR INCONSISTENT STATEMENTS ...........................................................24

PROPOSED JURY INSTRUCTION NO. 19
FALSE IN ONE, FALSE IN ALL..........................................................................................25

PROPOSED JURY INSTRUCTION NO. 20
BIAS OF WITNESSES ....................................................................................................26

PROPOSED JURY INSTRUCTION NO. 21
BIAS AND HOSTILITY ..................................................................................................27

PROPOSED JURY INSTRUCTION NO. 22
INFORMAL IMMUNITY.................................................................................................28

PROPOSED JURY INSTRUCTION NO. 23
LAW ENFORCEMENT WITNESSES...............................................................................30

PROPOSED JURY INSTRUCTION NO. 24
EXPERT WITNESSES .....................................................................................................31

PROPOSED JURY INSTRUCTION NO. 25
DEFENDANT'S TESTIMONY .........................................................................................32

PROPOSED JURY INSTRUCTION NO. 26
STIPULATIONS ..............................................................................................................34

PROPOSED JURY INSTRUCTION NO. 27
SIGNIFICANCE OF THE INDICTMENT .........................................................................35

PROPOSED JURY INSTRUCTION NO. 28
MULTIPLE COUNTS – MULTIPLE DEFENDANTS.........................................................36

PROPOSED JURY INSTRUCTION NO. 29
OVERVIEW OF THE CHARGES......................................................................................37

PROPOSED JURY INSTRUCTION NO. 30
CRIMES DEFINED BY STATUTE ONLY .........................................................................38

PROPOSED JURY INSTRUCTION NO. 31
CONSIDER ONLY THE CHARGES .................................................................................39

PROPOSED JURY INSTRUCTION NO. 32
COUNT ONE: OVERVIEW OF THE CONSPIRACY CHARGE ........................................40

PROPOSED JURY INSTRUCTION NO. 33
CONSPIRACY – ELEMENTS OF THE OFFENSE ............................................................41

PROPOSED JURY INSTRUCTION NO. 34
CONSPIRACY – ELEMENT ONE: EXISTENCE OF THE CONSPIRACY .......................42

PROPOSED JURY INSTRUCTION NO. 35
CONSPIRACY – ELEMENT ONE: NEED FOR UNANIMITY..........................................44

PROPOSED JURY INSTRUCTION NO. 36
CONSPIRACY – ELEMENT ONE: MULTIPLE AGREEMENTS.......................................45

PROPOSED JURY INSTRUCTION NO. 37
CONSPIRACY – ELEMENT TWO: MEMBERSHIP IN THE CONSPIRACY ..................46

PROPOSED JURY INSTRUCTION NO. 38
  CONSPIRACY – ELEMENT THREE: OVERT ACT IN FURTHERANCE OF THE
  CONSPIRACY ........................................................................................................50

PROPOSED JURY INSTRUCTION NO. 39
  ACTS AND DECLARATIONS OF CO-CONSPIRATORS ...................................51

PROPOSED JURY INSTRUCTION NO. 40
  SECURITIES FRAUD: OVERVIEW ....................................................................53

PROPOSED JURY INSTRUCTION NO. 41
  SECURITIES FRAUD: ELEMENTS OF THE OFFENSE ...................................54

PROPOSED JURY INSTRUCTION NO. 42
  SECURITIES FRAUD: FIRST ELEMENT – FRAUDULENT ACT ...................56

PROPOSED JURY INSTRUCTION NO. 43
  SECURITIES FRAUD: SECOND ELEMENT – MATERIALITY ......................58

PROPOSED JURY INSTRUCTION NO. 44
  SECURITIES FRAUD: THIRD ELEMENT – KNOWLEDGE, WILLFULNESS,
  AND INTENT .........................................................................................................62

PROPOSED JURY INSTRUCTION NO. 45
  SECURITIES FRAUD: FOURTH ELEMENT – INSTRUMENTALITY OF
  INTERSTATE COMMERCE .................................................................................65

PROPOSED JURY INSTRUCTION NO. 46
  WIRE FRAUD: OVERVIEW .................................................................................66

PROPOSED JURY INSTRUCTION NO. 47
  WIRE FRAUD: ELEMENTS OF THE OFFENSE................................................67

PROPOSED JURY INSTRUCTION NO. 48
  WIRE FRAUD: FIRST ELEMENT – EXISTENCE OF A SCHEME TO DEFRAUD.........69

PROPOSED JURY INSTRUCTION NO. 49
  WIRE FRAUD: SECOND ELEMENT – MATERIALITY....................................71

PROPOSED JURY INSTRUCTION NO. 50
  WIRE FRAUD: THIRD ELEMENT – INTENT TO DEFRAUD .........................73

PROPOSED JURY INSTRUCTION NO. 51
  WIRE FRAUD: FOURTH ELEMENT – USE OF THE INTERSTATE WIRES .................76

PROPOSED JURY INSTRUCTION NO. 52
  GOOD FAITH DOCTRINE ....................................................................................77

PROPOSED JURY INSTRUCTION NO. 53
  LAW ON DEFENDANTS ACTING AS PRINCIPALS .......................................80

PROPOSED JURY INSTRUCTION NO. 54
  DEFENSE THEORY OF THE CASE......................................................................82

PROPOSED JURY INSTRUCTION NO. 55
    RIGHT TO SEE EXHIBITS AND HEAR TESTIMONY/COMMUNICATIONS
    WITH THE COURT...........................................................................................83

PROPOSED JURY INSTRUCTION NO. 56
    FOREPERSON/DUTY TO DELIBERATE/UNANIMOUS VERDICT ...............................84

PROPOSED JURY INSTRUCTION NO. 57
    ROLE OF INDIVIDUAL JURORS .......................................................................86

PROPOSED JURY INSTRUCTION NO. 58
    PUNISHMENT...............................................................................................87

PROPOSED JURY INSTRUCTION NO. 59
    JUROR NOTES..............................................................................................88

PROPOSED JURY INSTRUCTION NO. 60
    VERDICT FORM............................................................................................89

PROPOSED JURY INSTRUCTION NO. 61
    RULES OF CONDUCT .....................................................................................90

PROPOSED JURY INSTRUCTION NO. 62
    EXCEPTIONS ...............................................................................................91

Defendants Ross Shapiro, Michael Gramins, and Tyler Peters, by and through their respective counsel, jointly submit the following Requests to Charge. Defendants reserve the right to supplement their requests as evidence is produced at the pre-trial stage and introduced at trial.

## PROPOSED JURY INSTRUCTION NO. 1
## INTRODUCTION

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law that applies to this case. At the outset of this trial, I gave you some preliminary instructions that were intended to serve as an introduction to the trial and to orient you to the particular case under consideration. The instructions that I will now give are the final and complete instructions. I believe that everything I am going to tell you now is consistent with the instructions I gave you at the start of the trial, but, if you have any doubt, you should not rely on anything different that I may have said in the preliminary instructions. The instructions I am now giving you must guide your deliberations in this case.

There are three parts to these instructions. First, I will give you instructions on the general rules in a criminal case and your role in the proceedings. Second, I will give you instructions as to the specific charges in this case. Finally, I will provide rules and guidance for your deliberations.

Please understand that these instructions will be available to you in writing in the jury room when you deliberate. Even so, I ask you to please give me your attention now, as I provide you with these instructions here, in open court, in the presence of the parties.

Authority: Modified from Leonard B. Sand et al., Modern Federal Jury Instructions – Criminal, Instr. 2-2 (2015) (hereinafter "Sand"); charge given in *United States v. Vailette*, 14-cr-60 (RNC) (D. Conn. September 28, 2015), ECF No. 293, at 11.

## PROPOSED JURY INSTRUCTION NO. 2
## ROLE OF THE COURT

As the trial judge, I perform two basic functions during the trial. First I decide what evidence is admissible for your consideration. From time to time during the course of the trial, I ruled on the admissibility of evidence. You should have no concern with the reasons for any rulings I made and you are not to draw any inferences from the rulings. In admitting evidence to which objection is made, I did not determine what weight should be given to the evidence or pass on the credibility of the evidence. However, you must disregard any evidence that has been ruled out of the case and you must refrain from speculating about any communications between the lawyers and me held outside your presence and hearing.

[**IF APPLICABLE:** During the course of a trial, I occasionally asked questions of the witnesses. Do not assume that I hold any opinion on the matters to which my questions related. A judge is permitted to ask questions to clarify a matter—not to help one side of the case or hurt the other side. Remember at all times that you, as jurors, are the sole judges of the facts of this case.]

Second, I provide you with instructions on the applicable law. If anyone states a legal principle different from any that I state in these instructions, it is these instructions that you must follow.

You are to consider these instructions together as a whole; in other words, you are not to isolate or give undue weight to any particular instruction. You must not substitute your own notions or opinions of what the law is or what it ought to be.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it

would violate your sworn duty to base a verdict upon any view of the law other than that which I give you.

Authority: Modified from Sand, Instr. 2-2; charge given in *United States v. Smith*, 12-cr-105 (RNC) (D. Conn. Jan. 13, 2014), ECF No. 1379, at 26-27; 1A Kevin F. O'Malley et al., *Federal Jury Practice and Instructions* § 11:05 (6th ed. West 2016) (hereinafter "O'Malley") (regarding the Court's questions to witnesses).

<u>**PROPOSED JURY INSTRUCTION NO. 3**</u>
<u>**ROLE OF COUNSEL**</u>

If you formed an opinion of any kind as to any of the lawyers in the case – favorable or unfavorable, whether you approved or disapproved of their behavior as advocates – that should not enter into your deliberations. The personalities and the conduct of counsel in the courtroom are not in any way at issue.

Please understand that a lawyer has an obligation to object when opposing counsel asks a question of a witness that the lawyer thinks is improper or offers evidence that the lawyer thinks is inadmissible. You are not to concern yourselves with why a lawyer made an objection or why I ruled in the manner I did. If an objection to a question asked of a witness was sustained, you must disregard the question. You must disregard any testimony that has been stricken and that you have been instructed to disregard because it is not evidence. If an objection was overruled, you must treat the witness's answer to the question like any other evidence in the case.

During the course of the trial, I may have had to raise my voice at or reprimand an attorney. You should draw no inference from that. It is the duty of attorneys to offer evidence and press objections on behalf of their clients. A lawyer also has a right to ask for a conference with the judge outside the hearing of the jury. You should not show any prejudice against a party because an objection was made or a conference was requested outside your hearing.

It is my function to cut off counsel from an improper line of argument or questioning or to strike offending remarks when I think it is necessary. It is irrelevant whether you like a lawyer or whether you believe I like a lawyer–the issue is whether or not the government has sustained its burden of proving guilt beyond a reasonable doubt.

<u>Authority</u>: Modified from Sand, Instr. 2-8, 2-9; charge given in *United States v. Smith*, 12-cr-105 (RNC) (D. Conn. Jan. 13, 2014), ECF No. 1379, at 27-28.

**PROPOSED JURY INSTRUCTION NO. 4**
**COMMON COUNSEL AND COUNSEL COOPERATION**

You have also noticed throughout the trial that counsel for various defendants have consulted with each other and have divided the work of the trial in an effort to facilitate their presentation and to avoid duplication. The fact that defense counsel have consulted and cooperated with each other in the conduct of their defense is not to be considered by you as having any significance with respect to the issues in the case. The issue of whether or not any defendant has been proven guilty beyond a reasonable doubt is personal, and you should make a separate determination about whether the government has or has not proven each defendant guilty beyond a reasonable doubt on each count contained in the indictment. In making that judgment, you are to disregard entirely the circumstance that counsel for various defendants have worked together during the trial. It would be unusual and wasteful of time and effort if counsel did not share the burdens of the defense. It is also proper and normal for each defendant to be represented by separate, independent counsel, and for all parties to have multiple attorneys and assistants involved. In a case of this length, this number of attorneys and assistants on both sides is not unusual. You should not let the number of representatives in the courtroom affect your consideration in any way.

Authority: Modified from Sand, Instr. 2-10.

## PROPOSED JURY INSTRUCTION NO. 5
## ROLE OF THE JURY

Your role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence, you determine the credibility of the witnesses, you resolve such conflicts as there may be in the testimony, and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them. I will later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. You should bear in mind that a question put to a witness is never evidence. It is only the answer that is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record.

Nor is anything I may have said during the trial or may say during these instructions to be taken in substitution for your own independent recollection of the evidence. What I say is not evidence. The evidence before you consists of the answers given by witnesses–the testimony they gave, as you recall it–and the exhibits that were received in evidence. You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views on what your decision should be as to whether or not any defendant has been proven guilty beyond a reasonable doubt.

You should draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and

certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

Finally, anything you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded. You are to decide the case solely on the evidence received at trial.

In short, as to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

<u>Authority</u>: Modified from Sand, Instr. 2-3.

<u>**PROPOSED JURY INSTRUCTION NO. 6**</u>
<u>**SYMPATHY OR BIAS**</u>

You must evaluate the evidence calmly and objectively, and without passion, prejudice, or sympathy. You must be completely fair and impartial. Your verdict must be based solely on the evidence or the lack of evidence presented at this trial. Our system of justice cannot work unless you reach your verdict on each count – guilty or not guilty, as to each defendant – through a fair and impartial consideration of the evidence. Under your oath as jurors you are not to be swayed by passion, sympathy or prejudice. You are to be guided solely by the evidence or lack of evidence in this case, and the crucial, bottom-line question that you must ask yourselves as you sift through the evidence as to each defendant is: has the government proven each element of the charges beyond a reasonable doubt or has the government failed to do so?

It is for you alone to decide whether or not the government has proven that the defendant you are considering is guilty of the crime you are considering, and you are to do so solely on the basis of the evidence or lack of evidence and subject to the law as I explain it to you. If you permit passion or prejudice, or bias or sympathy, or some other emotion to interfere with your thinking, you will not arrive at a true and just verdict.

Similarly, you cannot permit any feelings you might have about the nature of the crimes charged, or the wisdom of the law the defendants are charged with violating, to interfere with your decision-making process. Your verdict must be based exclusively upon the evidence or the lack of evidence in this case, and must be based on a dispassionate analysis of the evidence you have seen and heard. And again, the key question you will be asked to answer – as to each charge and as to each defendant – is whether the government has met its burden of proving beyond a reasonable doubt each element of the charged crime.

Authority: Modified from Sand, Instr. 2-12; *see also* charge given in *United States v. Vailette*, 14-cr-60 (RNC) (D. Conn. Sept. 28, 2015), ECF No. 293, at 15.

# PROPOSED JURY INSTRUCTION NO. 7
## LARGE SUMS OF MONEY

The testimony and the exhibits in this trial were connected with large financial transactions—but that fact alone has nothing to do with whether or not the government has proven the elements of the charged offenses beyond a reasonable doubt.

The fact that the transactions in this case may have involved large sums of money does not mean that the defendants are held to a greater standard of conduct than had the case involved smaller sums of money.

The presumption of innocence applies to every defendant in every case equally without regard to the number of dollars involved in any transaction.

Authority: Modified from the charge given in *United States v. Ghavami et al.*, No. 10-cr-1217 (KMW) (S.D.N.Y. Aug. 29, 2012), ECF No. 278, at 58-59.

## PROPOSED JURY INSTRUCTION NO. 8
## ALL PERSONS EQUAL BEFORE THE LAW

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the case is brought in the name of the United States does not mean that the government is entitled to greater consideration than that accorded Mr. Shapiro, Mr. Gramins, or Mr. Peters. At the same time, the government is entitled to no less consideration. All parties, Mr. Shapiro, Mr. Gramins, Mr. Peters, and the government, stand as equals under the law and must be treated as equals by the jury.

Moreover, the question before you can never be: Will the government win or lose the case? The government wins when justice is done regardless of whether the verdict is guilty or not guilty.

Authority: Modified from the charge given in *United States v. Vailette*, 14-cr-60 (RNC) (D. Conn. Sept. 28, 2015), ECF No. 293, at 14-15; *see also* Sand, Instr. 2-5.

<u>**PROPOSED JURY INSTRUCTION NO. 9**</u>
<u>**PRESUMPTION OF INNOCENCE**</u>

Each of the defendants in this case is presumed to be innocent of the crimes with which he has been charged. Each of the defendants has pleaded not guilty to the charges in the indictment. Under the United States Constitution, a person accused is presumed innocent of a criminal charge. The presumption of innocence can be overcome only by legally admissible evidence establishing guilt beyond a reasonable doubt on each and every element of a charged count.

Each of the defendants was protected by the presumption of innocence when the trial began and he continues to be protected by the presumption of innocence now, and you must continue to give him the presumption of innocence during your deliberations. The presumption of innocence requires you to presume that each of the defendants is not guilty unless you become convinced the government has proven him guilty beyond a reasonable doubt.

<u>Authority</u>: Modified from Sand, Instr. 4-1; charge given in *United States v. Vailette*, 14-cr-60 (RNC) (D. Conn. September 28, 2015), ECF No. 293, at 15-18.

## PROPOSED JURY INSTRUCTION NO. 10
## THE GOVERNMENT'S BURDEN OF PROOF

To convict a defendant on a given count, the burden is on the prosecution to prove that defendant's guilt on each element of that count beyond a reasonable doubt. This burden never shifts to the defendant for the simple reason that the law presumes a defendant to be innocent and never imposes upon a defendant in a criminal case the burden or duty of calling any witness or producing any evidence. [**IF APPLICABLE**: Although a defendant has presented evidence in his defense, it is not his burden to prove himself innocent.] In other words, each defendant starts with a clean slate and is presumed innocent of each charge unless you, as a jury, become satisfied that the government has proven that defendant is guilty of each element of a given charge beyond a reasonable doubt.

Authority: Modified from Sand, Instr. 4-1.

<u>**PROPOSED JURY INSTRUCTION NO. 11**</u>
<u>**THE REASONABLE DOUBT STANDARD**</u>

In order for you to find a defendant guilty of any count in the indictment, the Government must prove that defendant guilty beyond a reasonable doubt. If the government fails to prove any element of a charge beyond a reasonable doubt, you must acquit the defendant of that charge. If the government proves each element of the charge beyond a reasonable doubt, then and only then should you find the defendant guilty of that charge.

Proof beyond a reasonable doubt is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. As to a particular fact, if the evidence convinces you that there is no reasonable doubt, then and only then may that fact be considered proven. If you have a reasonable doubt as to a particular fact, that is a doubt based on reason after consideration of all the evidence or lack of evidence, then you should not find that fact to have been proven. A reasonable doubt may arise not only from the evidence produced, but also from the lack of evidence.

Throughout these instructions, I use the words "prove" and "find" with reference to the government's burden. Whenever I say that the government must prove a fact to you or that you must find certain facts, I mean that the government must prove that fact beyond a reasonable doubt as I have explained that term to you.

In a criminal case, the burden is at all times upon the government to prove guilt beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. The burden never shifts to a defendant, which means that it is always the government's burden to prove each of the elements of a crime charged beyond a reasonable doubt. If, after weighing all the evidence and the law as given to you, you have a firm, full, and abiding conviction that each element of the charge has

been proven, then you may find that the charge has been proven beyond a reasonable doubt. If you do not, then you must acquit the defendant. Reasonable doubt as to a fact is what would cause reasonable persons to hesitate to act in reliance on that fact in a matter of the most importance. A vague, speculative, imaginary uncertainty is not a reasonable doubt. Reasonable doubt is what would leave you, after a fair and impartial consideration of the evidence, without an abiding conviction as to the defendant's guilt.

If, after considering all the evidence or lack of evidence, you find that a defendant is only probably guilty of a charge, you must find him not guilty of that charge because the United States Constitution does not allow a criminal defendant to be convicted on that lower standard.

Authority: Modified from charge given in *United States v. Zrallack*, No. 3:10-cr-68 (JCH) (D. Conn. Dec. 1, 2010), ECF. No. 216, at 6; *see also* Sand, Instr. 4-2; *United States v. O'Shea*, 426 F.3d 475, 482-83 (1st Cir. 2005) (approving the charge that "[a] reasonable doubt may arise not only from the evidence produced, but also from the lack of evidence"); *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008) ("[S]pecious inferences are not indulged because it would not satisfy the Constitution to have a jury determine that the defendant is *probably* guilty") (internal quotation marks omitted).

**PROPOSED JURY INSTRUCTION NO. 12**
**REASON FOR THE REASONABLE DOUBT STANDARD**

In applying the reasonable doubt standard, it may be helpful for you to have a proper understanding of its purpose in our criminal justice system. The reasonable doubt standard is said to be the hallmark of our nation's justice system. A person who is convicted of a crime faces the possible loss of liberty and damage to his personal reputation in the community. Our nation and our society value the freedom of every individual, and, therefore, our Constitution mandates that a person should not be condemned for commission of a crime where there is a reasonable doubt as to any element of the alleged crime. That system would lose the respect of the people if it made them wonder whether innocent persons are being convicted. The reasonable doubt standard reinforces the goal of our free society, that every individual going about his or her ordinary affairs can have confidence that the government cannot adjudge an individual guilty of a criminal offense without convincing a proper fact-finding body, such as yourselves, of his guilt beyond a reasonable doubt on the charges presented in the indictment.

Authority: *In re Winship*, 397 U.S. 358, 362 (1970) ("[It is] the duty of the Government to establish . . . guilt beyond a reasonable doubt. This notion—basic in our law and rightly one of the boasts of a free society—is a requirement and a safeguard of due process of law in the historic, procedural content of 'due process'. . . . In a similar vein . . . [g]uilt in a criminal case must be proved beyond a reasonable doubt and by evidence confined to that which long experience in the common-law tradition, to some extent embodied in the Constitution, has crystallized into rules of evidence consistent with that standard. These rules are historically grounded rights of our system, developed to safeguard men from dubious and unjust convictions, with resulting forfeitures of life, liberty and property.") (internal citations omitted); *see also United States v. Birbal*, 62 F.3d 456, 460 (2d Cir. 1995); *Santosky v. Kramer*, 455 U.S. 745, 755 (1982) ("When the State brings a criminal action to deny a defendant liberty or life, however, the interests of the defendant are of such magnitude that historically and without any explicit constitutional requirement they have been protected by standards of proof designed to exclude as nearly as possible the likelihood of an erroneous judgment. The stringency of the 'beyond a reasonable doubt' standard bespeaks the weight and gravity of the private interest affected, society's interest in avoiding erroneous convictions, and a judgment that those interests together require that society impos[e] almost the entire risk of error upon itself.") (internal citations omitted) (internal quotation marks omitted).

<u>**PROPOSED JURY INSTRUCTION NO. 13**</u>
<u>**PROOF OF EACH ELEMENT**</u>

Each defendant has pleaded not guilty to the charges against him contained in the indictment in this case. This plea puts in issue each of the elements of each count as described in these instructions. The government's burden of proving the guilt of each defendant beyond a reasonable doubt is a burden that extends to each and every element of each count charged. In your deliberations, you must analyze the charge, element by element as I shall explain it to you, and you may not find a defendant guilty of an offense charged in the indictment unless your analysis leads you to conclude that the government has proven each and every element of that offense beyond a reasonable doubt as to that defendant. If there is even one element of that count that the government has not proven beyond a reasonable doubt, you must return a verdict of not guilty on that count.

<u>Authority</u>: Modified from the charge given in *United States v. Gipson*, No. 07-cr-2056 (LRS) (E.D. Wash. Jan. 11, 2008), ECF No. 187, at 8; *see also Hurst v. Florida*, 136 S. Ct. 616, 621 (2016) ("The Sixth Amendment provides: 'In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury . . . .' This right, in conjunction with the Due Process Clause, requires that each element of a crime be proved to a jury beyond a reasonable doubt."); *Torres v. Lynch*, 136 S. Ct. 1619, 1630 (2016) ("Both [the substantive elements of a federal crime and the jurisdictional elements] must be proved to a jury beyond a reasonable doubt . . . ."); *In re Winship*, 397 U.S. 358, 364 (1970) ("[W]e explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").

**PROPOSED JURY INSTRUCTION NO. 14**
**DIRECT AND CIRCUMSTANTIAL EVIDENCE**

Generally, there are two types of evidence that you may consider in reaching your verdict: direct evidence and circumstantial evidence.

Direct evidence is testimony by a witness about something he or she knows by virtue of his or her own senses – something seen, felt, touched, or heard. For example, if a witness testified that when he left his house this morning, it was raining, that would be direct evidence about the weather. Direct evidence may also be in the form of an exhibit where the fact to be proven is the existence or content of the exhibit.

Circumstantial evidence is evidence from which you may infer the existence of other facts. For example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide an explanation for the water on the sidewalk. It is for you alone to decide what inferences, if any, you will draw from the evidence or lack of evidence. Therefore, before you decide that a fact has been proven by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

That is all there is to circumstantial evidence. On the basis of reason and experience and common sense, you infer from one established fact (in my example, that the sidewalk is wet) the existence or non-existence of some other fact (that it rained during the night). Please note, however, that it is not a matter of speculation or guess: it is a matter of logical inference.

The law makes no distinction between direct and circumstantial evidence. Circumstantial evidence is of no less value than direct evidence, and you may consider either or both, and may give them such weight as you conclude is warranted.

Authority: Modified from Sand, Instr. 5-2; Ninth Circuit Model Criminal Jury Instruction 1.5. cmt (providing the wet sidewalk example of circumstantial evidence); *see also* charge given in *United States v. Levin*, 15-cr-101 (KBF) (S.D.N.Y. Feb. 2, 2016), ECF No. 313, at 132 (adopting the wet sidewalk example); *United States v. Pace*, 922 F.2d 451, 453 (8th Cir. 1990) ("While reasonable inferences from the evidence weigh against the defendant, speculation does not.").

## PROPOSED JURY INSTRUCTION NO. 15
## NUMBER OF WITNESSES

Sometimes jurors wonder if the number of witnesses who testified makes any difference. It does not. To the contrary, you should not make any decisions based on the number of witnesses who testified. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on an issue is more credible than the testimony of a greater number of witnesses. Indeed, the testimony of even a single witness may produce in your minds a reasonable doubt.

Remember that a defendant has no obligation to present any witnesses or evidence. The burden of proof beyond a reasonable doubt remains on the government at all times. Indeed, you may find that the government has not met its burden of proof even if a defendant [has/had] called no witnesses.

Authority: Modified from charge given in *United States v. Zrallack*, No. 10-cr-68 (JCH) (D. Conn. Dec. 1, 2010), ECF. No. 216, at 21.

## PROPOSED JURY INSTRUCTION NO. 16
## WITNESS CREDIBILITY

In some instances, the government and the defendants are asking you to draw very different conclusions about various factual issues in the case. Deciding these issues will involve making judgments about the testimony of the witnesses you have listened to and observed. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you to decide the truth and the importance of each witness's testimony.

Your decision whether or not to believe a witness may depend on how that witness impressed you. How did the witness appear? Was the witness candid, frank, and forthright; or, did the witness seem to be evasive or suspect in some way? How did the way the witness testified on direct examination compare with how the witness testified on cross-examination? Was the witness consistent or contradictory? Did the witness appear to know what he or she was talking about? Did the witness strike you as someone who was trying to report his or her knowledge accurately? These are examples of the kinds of common sense questions you should ask yourselves in deciding whether a witness is, or is not, truthful. You may also consider whether the testimony of a witness is or is not corroborated by other evidence in the case.

Remember, you are not required to believe the testimony of any witness simply because it was given under oath. It is within your province to determine what testimony is worthy of belief and what testimony is not worthy of belief. You may believe or disbelieve all or any part of the testimony of any witness.

How much you choose to believe a witness may also be influenced by the witness's bias. Does the witness have a relationship with the Government or a defendant that may affect how he or she testified? Does the witness have some incentive, loyalty, or motive that might cause him

or her to shade the truth? Does the witness have some bias, prejudice, or hostility that may cause the witness to give you something other than a completely accurate account of the facts he or she testified to?

Even if the witness was impartial, you should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. Ask yourselves whether the witness's recollection of the facts and his or her statements stand up in light of all the other evidence.

In other words, what you must try to do in deciding credibility is to size up a person just as you would in any important matter when you are trying to decide if a person is truthful, straightforward, and accurate in his or her recollection.

Authority: Modified from Sand, Instr. 7-1; *see* charge given in *United States v. Peterson*, 12-cr-360 (JZ) (N.D. Ohio Dec. 14, 2012), ECF No. 27, at 4 ("You are not required to believe the testimony of any witness simply because it was given under oath. You may believe or disbelieve all or any part of the testimony of any witness."); charge given in *United States v. Breckenridge*, No. 05-cr-7 (SRU) (D. Conn. Feb. 23, 2006), ECF No. 90, at 25-26 ("Even if the witness was impartial, you should consider the opportunity the witness had to see, hear and know the things about which he or she testified, the accuracy of the witness's memory, candor or lack of candor, intelligence, the reasonableness and probability of the witness's testimony, its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. Ask yourselves whether the witness's recollection of the facts stands up in light of all the other evidence.").

## **PROPOSED JURY INSTRUCTION NO. 17**
## **JURY CAN ACCEPT OR REJECT TESTIMONY**

You are not required to accept a witness's testimony even though the testimony is

uncontradicted and the witness is not impeached. You may decide, because of the witness's bearing

and demeanor, or because of the inherent improbability of his or her testimony, or for other reasons

sufficient to you, that such testimony is not worthy of belief.

Authority: Charge given in *United States v. Zrallack*, No. 3:10-CR-68 (JCH) (D. Conn. Dec. 1, 2010), ECF No. 216, at 29; *see also* O'Malley § 15:01.

**PROPOSED JURY INSTRUCTION NO. 18**
**PRIOR INCONSISTENT STATEMENTS**

[**IF APPLICABLE**]

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness's trial testimony. The testimony of a witness may be discredited or "impeached" by showing that he or she previously said or did something inconsistent with the witness's present testimony. Unless the earlier contradictory statements were given under penalty of perjury in a prior proceeding or deposition, they are admissible only to impeach the credibility of the witness and not to establish the truth of those statements. If the prior statements were made under penalty of perjury in a prior proceeding, grand jury proceeding, or deposition, then they can be considered as substantive evidence, in addition to their impeachment value. It is your responsibility to determine the credibility of a witness who has been so impeached.


Authority: Modified from O'Malley § 15:06.

## PROPOSED JURY INSTRUCTION NO. 19
## FALSE IN ONE, FALSE IN ALL

If you believe that a witness knowingly testified falsely concerning any matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

Authority: Modified from Third Circuit Model Criminal Jury Instructions § 4.26 (Feb. 2015); *see also* O'Malley § 15:06; *Sims v. Blot*, 354 F. App'x 504, 506 (2d Cir. 2009) (unpublished) ("It was not in error for the judge to give this instruction [*falsus in uno*] to the jury. This Court has never held that giving this instruction constitutes error.") (citing *United States v. James*, 239 F.3d 120, 122 n.2 (2d Cir. 2000)).

## PROPOSED JURY INSTRUCTION NO. 20
## BIAS OF WITNESSES

In deciding whether to believe a witness, you should also consider whether there is any evidence that the witness is biased in favor or against one side or the other. Likewise, you should consider evidence of any other interest or motive that the witness may have in cooperating with a particular party. You should also take into account any evidence of any benefit that a witness may receive from the outcome of the case. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his or her testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

Of course, the mere fact that a witness has an interest in the outcome of the case does not mean he or she has not told the truth. It is for you to decide from your observations and applying your common sense and experience and all the other considerations I have mentioned whether the possible interest of any witness has intentionally or otherwise colored or distorted his or her testimony. You are not required to disbelieve an interested witness; you may accept as much of his or her testimony as you deem reliable and reject as much as you deem unworthy of acceptance.

Authority: Modified from Sand, Instr. 7-3; *see also* charge given in *United States v. Simmon*, 13-cr-855 (PGG) (S.D.N.Y. June 5, 2014), ECF No. 42, at 10.

## PROPOSED JURY INSTRUCTION NO. 21
## BIAS AND HOSTILITY

**[IF APPLICABLE]**

In connection with your evaluation of the credibility of the witnesses, you should specifically consider evidence of resentment or anger which some government witnesses may have towards one or more of the defendants. Evidence that a witness is biased, prejudiced or hostile toward a defendant requires you to view that witness's testimony with caution, to weigh it with care, and subject it to close and searching scrutiny.

Authority: Modified from Sand, Instr. 7-2; charge given in *United States v. Peters*, 03-cr-211 (WMS) (W.D.N.Y. July 24, 2007), ECF No. 340, at 27-28.

# PROPOSED JURY INSTRUCTION NO. 22
## INFORMAL IMMUNITY

[**IF APPLICABLE**]

You have heard the testimony of several witnesses who have been promised that in exchange for testifying, they will not be prosecuted for any conduct related to their testimony. The following witnesses each testified after entering into such an agreement not to be prosecuted by the government: [*list relevant witnesses*]. This was arranged directly between the witness and the government. The government is permitted to make these kinds of promises and is entitled to call as witnesses people to whom these promises are given.

You should ask yourself whether these so-called cooperating witnesses would benefit more by lying, or by telling the truth. Was their testimony made up or exaggerated in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely? Or did they believe that their interests would be best served by testifying truthfully? If you believe that the witnesses were motivated by hopes of personal gain, was the motivation one that would cause them to lie, or was it one that would cause them to tell the truth? Did this motivation affect their testimony?

The testimony of a witness who has been promised that he will not be prosecuted should be examined by you with greater care than the testimony of an ordinary witness. You should scrutinize it closely to determine whether or not it is shaded in such a way as to place guilt upon the defendant in order to further the witness's own interests.

Such testimony should be received by you with suspicion and you may give it such weight, if any, as you believe it deserves.

Authority: Modified from Sand, Instr. 7-9; *see, e.g.*, charge given in *United States v. Castelin*, 11-cr-183 (JCH) (D. Conn. May 13, 2013), ECF No. 664, at 22-23; *see also United States v. Prawl*, 168 F.3d 622, 628 (2d Cir. 1999) ("[A defendant] is entitled to a charge that identifies the circumstances that may make one or another of the government's witnesses particularly

vulnerable to the prosecution's power and influence, and that specifies the ways (by catalog or example) that a person so situated might be particularly advantaged by promoting the prosecution's case."); *United States v. Bernard*, 625 F.2d 854, 857 (9th Cir. 1980) (noting that "[a]ccomplice testimony is inevitably suspect and unreliable" and that failure to instruct the jury the shortcomings of accomplice testimony constituted reversible error) (internal quotation marks omitted).

# PROPOSED JURY INSTRUCTION NO. 23
## LAW ENFORCEMENT WITNESSES

You have heard testimony from witnesses employed by law enforcement agencies. The fact that a witness is employed by a law enforcement agency does not mean that his or her testimony deserves more or less consideration or greater or lesser weight than that of any other witness. Any witness who takes the stand subjects his or her testimony to the same examination and the same tests as any other witness. You must weigh and balance the testimony of law enforcement personnel just as carefully as you would the testimony of any other witness.

It is for you to decide, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and decide what weight, if any, it deserves.

Authority: Modified from the charge given in *United States v. Smith*, 12-cr-105 (RNC) (D. Conn. Jan. 13, 2014), ECF No. 1379, at 133; *see also* Sand, Instr. 7-16.

<u>**PROPOSED JURY INSTRUCTION NO. 24**</u>
<u>**EXPERT WITNESSES**</u>

[**IF APPLICABLE**]

Ordinarily, a witness is limited to testifying about facts and is not permitted to give an opinion. Where, however, scientific, medical, technical or other specialized knowledge will help the jury understand the evidence or to determine a fact in issue, a witness with expertise in a specialized field may render opinions about such matters.

In this case, I have permitted certain expert witnesses to express their opinions about matters that are in issue. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this testimony, you may consider the expert witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe an expert witness's testimony.

<u>Authority</u>: Modified from Sand, Instr. 7-21; *see also* N.Y. Crim. Jury Instrs. 2d: Expert Witness ("Ordinarily, a witness is limited to testifying about facts and is not permitted to give an opinion. Where, however, scientific, medical, technical or other specialized knowledge will help the jury understand the evidence or to determine a fact in issue, a witness with expertise in a specialized field may render opinions about such matters.").

## PROPOSED JURY INSTRUCTION NO. 25
## DEFENDANT'S TESTIMONY

A defendant in a criminal case does not have a duty to testify or come forward with any evidence. Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains with the government throughout the entire trial and never shifts to a defendant. A defendant is never required to prove that he is innocent.

**[IF APPLICABLE]** Also, a defendant has an absolute right under the law to remain silent. In this case, none of the defendants testified as a witness. You may not hold that judgment against any of them. There are many complex reasons why a defendant, who is represented and advised at all times by legal counsel, may have chosen not to testify. You may not attach any significance to the fact that the defendants did not testify. No adverse inference against them may be drawn because they did not take the witness stand. You may not consider this against the defendants in any way in your deliberations in the jury room.

**[IF APPLICABLE]** In this case, Mr. [Shapiro/Gramins/Peters] did testify and he was subject to cross-examination like any other witness. You should examine and evaluate his testimony just as you would the testimony of any other witness in the case. Mr. [Shapiro/Gramins/Peters] and Mr. [Shapiro/Gramins/Peters] did not testify, however, and you may not hold that judgment against them. There are many complex reasons why a defendant may have chosen not to testify. You may not attach any significance to the fact that these defendants did not testify. No adverse inference against them may be drawn because they did not take the witness stand. You may not

consider Mr. [Shapiro/Gramins/Peters]'s determination to testify against Mr.

[Shapiro/Gramins/Peters] in any way in your deliberations in the jury room.

**[IF APPLICABLE]** In this case, Mr. Shapiro, Mr. Gramins, and Mr. Peters did testify and each

was subject to cross-examination like any other witness. You should examine and evaluate their

testimony just as you would the testimony of any other witnesses in the case.

Authority: Modified from Sand, Instr. 5-21.

## PROPOSED JURY INSTRUCTION NO. 26
## STIPULATIONS

**[IF APPLICABLE]**

You have heard evidence in the form of a stipulation, or agreement, as to certain facts. When the attorneys on both sides stipulate or agree as to the existence of a fact, you may accept the stipulation as evidence and regard that fact as proven. You are not required to do so, however, since you are the sole judge of the facts. It is for you to determine the effect to be given that evidence.

Authority: Modified from O'Malley § 12:03; *see also* Sand, Instr. 5-6, 5-7.

## PROPOSED JURY INSTRUCTION NO. 27
## SIGNIFICANCE OF THE INDICTMENT

As you know, the charges against Mr. Shapiro, Mr. Gramins, and Mr. Peters are contained in an indictment. An indictment is not evidence. It is proof of nothing. It is merely an accusation, a statement of the charges made against a defendant that gives a defendant notice of the charges against him and informs the Court and the public of the nature of the accusation. Each defendant has pleaded not guilty and is presumed to be innocent of each of the charges. Even after this indictment has been returned against him, he begins this trial with absolutely no evidence against him. In fact, even if you find that the government has proven all of the factual allegations it listed in the indictment, after reviewing all the evidence in this case and listening to my instructions on the law, you may decide that a defendant is not guilty of the charges in the indictment.

You each have a copy of the indictment and I will refer to each count by the number assigned to it in that document.

Authority: Modified from Sand, Instr. 3-1.

The indictment contains a total of nine counts. Each count charges each defendant with a different crime.

There are three defendants on trial before you. You must, as a matter of law, consider each count of the indictment and each defendant separately, and you must return a separate verdict on *each* defendant for *each* count charged.

In reaching a verdict, you must bear in mind that guilt or lack of guilt is personal and individual. Your verdict of guilty or not guilty must be based solely upon the evidence relevant to each defendant.

[**IF APPLICABLE:** In addition, some of the evidence in this case was limited to one defendant. Let me emphasize that any evidence admitted solely against one defendant may be considered only against that defendant and may not in any respect enter into your deliberations as to any other defendant.]

Your verdict as to each defendant, on each count, stands or falls upon whether the evidence in this case establishes guilt beyond a reasonable doubt against that defendant alone, and your verdict as to any defendant on any count should not bear on your decision as to any other defendant or any other count.

Authority: Modified from Sand, Instrs. 3-5, 3-8; *see also Kotteakos v. United States*, 328 U.S. 750, 772 (1946) ("Guilt with us remains individual and personal, even as respects conspiracies."); First Circuit Pattern Jury Instructions 1.02 (2016) ("[Y]ou will have to give separate consideration to the case against each defendant.").

<u>**PROPOSED JURY INSTRUCTION NO. 29**</u>
<u>**OVERVIEW OF THE CHARGES**</u>

The indictment contains nine charges directed at Mr. Shapiro, Mr. Gramins, and Mr. Peters.

Count One charges Mr. Shapiro, Mr. Gramins, and Mr. Peters each with conspiracy to defraud counterparties listed in the indictment in violation of Title 18, United States Code, Section 371.

Counts Two and Three charge Mr. Shapiro, Mr. Gramins, and Mr. Peters each with knowingly and willfully making a material false statement in the purchase or sale of securities by Nomura from the counterparties listed in the indictment, all in violation of Title 15, United States Code, Sections 78j(b) and 78ff, Title 17, Code of Federal Regulations, Section 240.10b-5, and Title 18, United States Code, Section 2.

Counts Four through Nine charge Mr. Shapiro, Mr. Gramins, and Mr. Peters each with knowingly and willfully using interstate wires as part of a scheme to defraud counterparties listed in the indictment, in violation of Title 18, United States Code, Sections 1343 and 2.

Please remember that the indictment is merely an accusation, a series of allegations made against a defendant. It is proof of nothing.

I will now instruct you on the elements of each of the charges against the defendants. Each of these charges contains different elements that it is the burden of the government to prove beyond a reasonable doubt. Remember that as you consider each count, you must find the defendants not guilty unless the government has proven each element of each such count beyond a reasonable doubt.

<u>Authority</u>: Modified from Sand, Instr. 3-2.

## PROPOSED JURY INSTRUCTION NO. 30
## CRIMES DEFINED BY STATUTE ONLY

The fact that you may think certain conduct is unethical or morally wrong is truly of no consequence in this case. Statutes enacted by Congress define our crimes, and I will talk to you about the individual statutes and how they break down into essential elements so that you can consider the elements that the government must prove beyond a reasonable doubt. Conduct is only a crime if it is defined as such by a statute. A feeling that something wrong has been done is insufficient to convict anyone of any charge whatsoever. Remember, not every instance of unfairness constitutes a crime. Instead, for each defendant, you are required to break each count down to the elements, determine if the government has or has not met its burden of proving the guilt of that defendant beyond a reasonable doubt as to each one of those elements for a particular count, and then, with that determination made, you can render a verdict as to that defendant on that count.

Authority: Modified from charges given in *United States v. Zemlyansky*, 12-cr-171 (JPO) (S.D.N.Y. Oct. 23, 2013), ECF No. 931, at 128-29 and *United States v. Seitz*, 12-cr-921 (SHS) (S.D.N.Y. Mar. 11, 2014), ECF No. 95, at 103; *see also Chiarella v. United States*, 445 U.S. 222, 232 (1980) ("[N]ot every instance of financial unfairness constitutes fraudulent activity under § 10(b)."); *United States v. Weimert*, 819 F.3d 351, 357 (7th Cir. 2016) ("Not all conduct that strikes a court as sharp dealing or unethical conduct is a scheme or artifice to defraud.") (internal quotation marks omitted).

<u>**PROPOSED JURY INSTRUCTION NO. 31**</u>
<u>**CONSIDER ONLY THE CHARGES**</u>

[**IF APPLICABLE**]

To that point, none of the defendants is charged with committing any crime other than the offenses contained in the indictment.

Each defendant is charged only with the acts contained in Counts One through Nine in the indictment, not for any other acts. Do not return a guilty verdict on any count unless the government proves each element of such count charged in the indictment beyond a reasonable doubt.

<u>Authority</u>: Modified from Third Circuit Model Criminal Jury Instructions § 2.23 (Feb. 2015); *see also* Sand, Instr. 3-3.

## PROPOSED JURY INSTRUCTION NO. 32
## COUNT ONE: OVERVIEW OF THE CONSPIRACY CHARGE

I will now begin my instructions on Count One, the conspiracy charge. As I will explain in more detail in a few moments, a conspiracy is a criminal agreement to violate the law.

[*Explanation of the count as determined by the court.*].

I have finished reading from the indictment. The relevant statute on the conspiracy charged in Count One is Title 18, United States Code, Section 371. Section 371 provides in relevant part as follows:

> If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each [is guilty of an offense].

Authority: Modified from Sand, Instr. 19-1.

**PROPOSED JURY INSTRUCTION NO. 33**
**CONSPIRACY – ELEMENTS OF THE OFFENSE**

In order to sustain its burden of proof with respect to the conspiracy charged in Count One, the government must separately prove beyond a reasonable doubt each of the following three elements as to the defendant you are considering:

First, that two or more persons entered the unlawful agreement charged in Count One.

Second, that the defendant you are considering knowingly and willfully became a member of the alleged conspiracy in which he is charged, that is, the defendant you are considering shared a unity of purpose and an intent to achieve an illegal object of the conspiracy with one or more alleged co-conspirators, with whom he joined in the alleged conspiracy.

Third, that one or more of the members of the conspiracy knowingly and willfully committed at least one of the overt acts charged in the indictment in furtherance of the objectives of the conspiracy, and that this overt act was performed during the existence or life of the conspiracy.

Recall my earlier instruction that you must find the defendant you are considering not guilty unless the government has proven each element of a given count beyond a reasonable doubt as to that defendant.

I will now separately instruct you on each of the elements of conspiracy.


Authority: Modified from Sand, Instr. 19-3.

41

**PROPOSED JURY INSTRUCTION NO. 34**
**CONSPIRACY – ELEMENT ONE: EXISTENCE OF THE CONSPIRACY**

In Count One, the first element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy, is that two or more persons entered into an unlawful agreement as charged in Count One. This means that the government must prove that there existed a mutual agreement between two or more persons to cooperate with each other to accomplish the objectives of the charged conspiracy in Count One. If you do not find that the conspiracy charged in Count One existed, you must acquit all of the defendants in Count One.

Although the government need not prove the existence of a formal written or oral agreement, it must prove beyond a reasonable doubt that the alleged co-conspirators came to a mutual understanding to achieve the specific criminal objectives charged in Count One. You need not find that the alleged co-conspirators stated, in words or writing, what the scheme was, its objects or purposes, or every precise detail of the scheme or the means by which its purposes were to be accomplished. It is sufficient if the defendants came to an understanding that they would seek to accomplish the illegal objects of the alleged conspiracy together. It is not, however, sufficient for the government to show that the defendants or others merely associated with each other or even that they committed separate crimes during the same period. Instead, you must find that each alleged conspirator agreed to participate in what he knew was a group venture toward the common goal of breaking the law.

Acts and conduct considered together as a whole may permit an inference that an alleged conspiracy did exist, even in the absence of direct proof of an express oral or written agreement. But remember, all of these acts and conduct must establish beyond a reasonable doubt the existence of a fundamental agreement to violate the law in a mutually agreed-upon way.

Each defendant's knowledge of the unlawful objects of the agreement must have existed at the time that defendant is alleged to have joined the conspiracy and continued throughout his participation. The only relevant consideration as to each defendant is what that defendant was thinking at the time.

The indictment charges that there were two objectives, or goals, of the alleged conspiracy: to commit securities fraud, and to commit wire fraud. I will instruct you on the elements of securities fraud and wire fraud when I get to the counts of the indictment that charge those offenses. For now, it is important to understand as to the first element of conspiracy that, to find a defendant guilty of conspiracy, you must find, beyond a reasonable doubt, that there existed a mutual agreement between two or more persons to accomplish each such element of securities fraud or wire fraud. Ultimately, you must consider whether or not the government has proven beyond a reasonable doubt that there existed an agreement to violate the law to achieve the unlawful objectives of the alleged conspiracy. If you conclude that the government has proven beyond a reasonable doubt the existence of such an agreement, then the government has met its burden and you should continue to the second element. If even one juror is not convinced beyond a reasonable doubt that there was an agreed-upon plan to violate the law, then you cannot convict any defendant on the conspiracy charge.

<u>Authority</u>: *See* Sand, Instr. 19-4; *United States v. Huezo*, 546 F.3d 174, 180 (2d Cir. 2008); *United States v. Lorenzo*, 534 F.3d 153, 159 (2d Cir. 2008).

## PROPOSED JURY INSTRUCTION NO. 35
## CONSPIRACY – ELEMENT ONE: NEED FOR UNANIMITY

Count One charges that the defendants entered into an agreement to knowingly and willfully commit wire fraud and securities fraud. In order to meet its burden, the government must prove beyond a reasonable doubt that the defendants entered into an agreement to knowingly and willfully accomplish those specific crimes set forth in Count One. Proof of the existence of the conspiracy requires that all of you must unanimously find that the same unlawful objective was agreed upon by the alleged conspirators. So, for example, if some of you conclude that some of the alleged conspirators agreed to commit wire fraud but not securities fraud, and others of you conclude that some of the alleged conspirators agreed to commit securities fraud but not wire fraud, then you must acquit the defendants on Count One. Put differently, if you do not unanimously agree that the government has proven, beyond a reasonable doubt, an alleged agreement to knowingly and willfully accomplish the same unlawful objective, you cannot convict the defendants on Count One.


Authority: Modified from Sand, Instr. 9-7; *see also United States v. Helmsley*, 941 F.2d 71, 91 (2d Cir. 1991) (conspiracy charge that "required [the jury] to be unanimous as to the particular ground selected").

In order to convict the defendants of conspiracy, the government must prove beyond a reasonable doubt the existence of the single alleged conspiracy as charged in Count One. When two or more persons join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple agreements exist when there are separate agreements to achieve distinct, different, or incompatible purposes. Whether a single conspiracy has been proved depends upon your determination of the nature of the agreement.

Thus, whether there existed a single unlawful agreement, or two or more such agreements, or, indeed, no agreement at all, is a question of fact for you, the jury, to determine. If you find that the government has not proved the existence of the single conspiratorial agreement charged in the indictment beyond a reasonable doubt, then you must acquit the defendants on Count One. This is true even if you find that some agreement or agreements other than the one charged in Count One existed. The defendant you are considering would be not guilty if you were to find the existence of an agreement but not the agreement charged in the indictment.

Authority: Modified from Sand, Instr. 19-5; *see also United States v. Aracri*, 968 F.2d 1512, 1520-21 (2d Cir. 1992); *United States v. Heinemann*, 801 F.2d 86 (2d Cir. 1986).

## PROPOSED JURY INSTRUCTION NO. 37
## CONSPIRACY – ELEMENT TWO: MEMBERSHIP IN THE CONSPIRACY

The second element that the government must prove beyond a reasonable doubt to establish the offense of conspiracy is that the defendant you are considering knowingly and willfully, that is with the specific intention, joined a conspiracy to commit securities and/or wire fraud.

Again, the term "knowingly" means that you must be satisfied beyond a reasonable doubt that in joining the alleged conspiracy, the defendant knew what he was doing. An act is done "knowingly" if it is done deliberately and purposefully; that is, the defendant's act must have been the product of the defendant's conscious decision rather than the product of mistake or accident or some other innocent reason.

An act is done "willfully" if it is done voluntarily and with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose and evil motive to disobey or to disregard the law. A defendant's conduct is not willful if it was due to carelessness or negligence, inadvertence, mistake, or was the result of a good faith misunderstanding of the requirement of the law. It is for you to decide whether the defendant you are considering acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so. I will instruct you further on the defense of good faith in a moment.

In order to prove that a defendant became a member of the alleged conspiracy to commit a particular object offense, the government must also prove, beyond a reasonable doubt, that that defendant acted with the same unlawful intent that must be proven with respect to that alleged object of the alleged conspiracy. If you find that the government has failed to establish that a

defendant acted with the unlawful intent needed to commit a particular object offense, you must find that defendant not guilty with respect to the charge of conspiracy to commit that offense.

Securities fraud, which is the first object of the alleged conspiracy, requires that the government prove beyond a reasonable doubt that the defendant you are considering acted knowingly, willfully, and with the intent to defraud certain counterparties of Nomura. Wire fraud, which is the second objective of the alleged conspiracy, requires that the government prove beyond a reasonable doubt that each defendant acted knowingly, willfully, and with specific intent to defraud certain counterparties of Nomura. In order to prove that a defendant became a member of the alleged conspiracy with respect to either object, the government must prove beyond a reasonable doubt, in addition to the other elements of membership that I have described, that that defendant acted knowingly, willfully, and with the intent to defraud certain counterparties of Nomura. I will instruct you momentarily about what it means to act with "intent to defraud" in the context of securities fraud or wire fraud.

The key question, therefore, is whether the evidence established beyond a reasonable doubt that the defendant you are considering intentionally entered into the charged unlawful agreement knowing the objectives of the agreement. It is important for you to note that a defendant's participation in the conspiracy must be established by independent evidence of his own acts or statements and the reasonable inferences which may be drawn from them.

I want to caution you that a defendant's mere association with another member of the alleged conspiracy or any individual you find participated in a conspiracy does not make that defendant a member of the alleged conspiracy. A person may know, work with, or enter into business or friendship with an individual who is committing a crime without being a criminal himself. You may not find that a defendant is a member of a conspiracy merely because of a

friendship or business association with alleged co-conspirators. Mere similarity of conduct or the fact that alleged coconspirators may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy. Even being present at the place where a crime takes place or is discussed, or knowing about criminal conduct does not, of itself, make someone a member of the conspiracy. Again, intentional participation in the alleged conspiracy – *i.e.*, to achieve one or more of its unlawful objectives – is required for each defendant with respect to the charged conspiracy.

Similarly, I want to caution you that mere knowledge of or acquiescence to an unlawful plan, without participation, is not sufficient. Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make the defendant a member. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally participated, advised, or assisted in it for the purpose of furthering an illegal objective of the conspiracy, as charged in the indictment. Anything less than that is not enough.

If you unanimously agree that the government has satisfied its burden of proving that the defendant you are considering knowingly, willfully, and intentionally entered into the agreement knowing the aims and purposes of the unlawful agreement, then you can proceed to the third element of the conspiracy charge. However, if you do not unanimously agree that the government has satisfied its burden of proving this element, you may not find the defendant you are considering guilty of Count One.

<u>Authority</u>: Modified from Sand, Instrs. 3A-3, 19-6; *see also Henderson* v. *United States*, 237 F.2d 169, 171 (5th Cir. 1956) ("[T]he fact that Henderson had committed illegal acts which furthered the object of the conspiracy did not constitute him a conspirator unless he did so with some knowledge of the conspiracy . . . ."). *United States v. Dixon*, 536 F.2d 1388, 1397-98 (2d Cir. 1976) (holding that the lower court's scienter instruction was inadequate because it did not convey that the defendant had to have an "evil purpose"); *United States v. Dardi*, 330 F.2d 316, 331 (2d Cir. 1964) (affirming lower courts jury instructions about intent, "evil motive" and purpose).

**PROPOSED JURY INSTRUCTION NO. 38**
**CONSPIRACY – ELEMENT THREE: OVERT ACT IN FURTHERANCE**
**OF THE CONSPIRACY**

The third and final element of the conspiracy charged in Count One that the government must prove beyond a reasonable doubt is that one or more of the members of the conspiracy knowingly committed at least one of the overt acts charged in the indictment in furtherance of the objectives of the conspiracy, and that this overt act was performed during the existence or life of the conspiracy.

The purpose of the overt act requirement is that the law requires there to have been something more than a mere agreement for a defendant to be convicted of conspiracy.


Authority: Modified from Sand, Instrs. 19-7, 19-8; *see also United States v. Sacco*, 436 F.2d 780, 783 (2d Cir. 1971).

[**IF APPLICABLE**]

I have a final note on the conspiracy charge.

You will recall that I have admitted into evidence against the defendants the acts and statements of others because these acts and statements were committed by persons who, the government charges, were also co-conspirators of the defendants on trial.

The reason for allowing this evidence to be received against the defendants has to do with the nature of the crime of conspiracy. A conspiracy is often referred to as a partnership in crime. Thus, as in other types of partnerships, when people enter into a conspiracy to accomplish an unlawful end, each and every member becomes an agent for the other conspirators in carrying out the conspiracy.

Accordingly, the reasonably foreseeable acts, declarations, and statements of any member of the conspiracy and in furtherance of the common purpose of the conspiracy, are deemed, under the law, to be the acts of all of the members, and all of the members are responsible for such acts, declarations, and statements.

If you find, beyond a reasonable doubt, that the defendant whose guilt you are considering was a willful and knowing member of the conspiracy charged in the indictment, then any acts done or statements made in furtherance of the conspiracy by persons also found by you to have been members of that conspiracy may be considered against that defendant.

However, before you may consider the statements or acts of a co-conspirator in weighing the evidence presented by the government of a defendant's guilt, you must first determine that the acts and statements were made during the existence, and in furtherance, of the illegal agreement. If the acts were done or the statements made by someone whom you do not find to

have been a member of the conspiracy or if they were not done or said in furtherance of the conspiracy, they may not be considered by you as evidence against any defendant.

Authority: Modified from Sand, Instr. 19-9.

## PROPOSED JURY INSTRUCTION NO. 40
## SECURITIES FRAUD: OVERVIEW

In Counts Two and Three of the indictment, the government alleges that each of the

defendants committed and aided and abetted violations of certain securities laws.

[*Explanation of the counts as determined by the court.*].

Title 17, Code of Federal Regulations, Section 240.10b-5 reads:

It shall be unlawful for any person, directly or indirectly, by the use of any means
or instrumentality of interstate commerce, or . . . of any facility of any national
securities exchange,

(a) To employ any device, scheme, or artifice to defraud,

(b) To make any untrue statement of a material fact . . . , or

(c) To engage in any act, practice, or course of business which operates or
would operate as a fraud or deceit upon any person, in connection with the
purchase or sale of any security.

Title 15, United States Code, Section 78ff(a) makes it unlawful to violate certain laws

and regulations, including Title 15, United States Code, Section 78j(b) and Title 17, Code of

Federal Regulations, Section 240.10b-5.

I will now instruct you on the elements of Section 78j(b).


Authority: Modified from Sand, Instr. 57-18.

## PROPOSED JURY INSTRUCTION NO. 41
## SECURITIES FRAUD: ELEMENTS OF THE OFFENSE

In order to sustain its burden of proof with respect to the crimes charged in Count Two and Count Three, the government must separately prove beyond a reasonable doubt each of the following four elements as to the defendant you are considering.

The first element that the government must prove beyond a reasonable doubt is that in connection with the purchase or sale of the security identified in that count the defendant you are considering did any one or more of the following:

(a) employed a device, scheme or artifice to defraud; or

(b) made an untrue statement of a material fact . . . ; or

(c) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller.

The second element that the government must prove beyond a reasonable doubt is that the statement or conduct must relate to a fact that would be material to the reasonable investor in the non-agency RMBS market.

The third element that the government must prove beyond a reasonable doubt is that the defendant acted willfully, knowingly, and with the intent to defraud.

The fourth element that the government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, any means or instruments of interstate commerce in furtherance of the fraudulent conduct.

You will need to evaluate whether the government has proven each element as to each count and as to each defendant. I will now explain each element in more detail.

Authority: Modified from Sand, Instr. 57-20. In Sand, the first and second elements above related to falsity and materiality, respectively, are combined into a single element and are explained together in a single two-step charge. *See* Sand, Instr. 57-21. However, defendants

propose two distinct charges because a single lengthy charge is likely to confuse the jury. As pre-trial litigation has shown, the element of materiality is likely to be a key issue in this case. Another prominent treatise proposes separate charges for falsity and materiality. *See* 2B O'Malley §§ 62:14 (separately discussing materiality). Other courts have addressed the falsity and materiality elements separately. *See, e.g.*, *Kaltman v. Key Energy Servs., Inc.*, 447 F. Supp. 2d 648, 655 n.5 (W.D. Tex. 2006) ("Defendants' Motions to Dismiss address only the first three elements of a security fraud claim: falsity, materiality, and scienter."); *Cement & Concrete Workers Dist. Council Pension Fund v. Hewlett Packard Co.*, 964 F. Supp. 2d 1128, 1132 (N.D. Cal. 2013) ("Because the First Amended Complaint fails to satisfy the materiality and falsity requirements for a securities fraud claim, the Court will grant the motions with leave to amend."); *In re REMEC Inc. Sec. Litig.*, 702 F. Supp. 2d 1202, 1234 (S.D. Cal. 2010) ("materiality is a separate element distinct from falsity.").

**PROPOSED JURY INSTRUCTION NO. 42**
**SECURITIES FRAUD: FIRST ELEMENT – FRAUDULENT ACT**

The first element that the government must prove beyond a reasonable doubt for both Count Two and Count Three is that, in connection with the purchase or sale of two non-agency RMBS bonds described in these counts, the defendant you are considering did any one or more of the following:

(a) employed a device, scheme or artifice to defraud,

(b) made an untrue statement of material fact . . . , or

(c) engaged in an act, practice or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of the two RMBS bonds described in these counts.

It is not necessary for the government to establish all three types of unlawful conduct in connection with the purchase or sale of the two non-agency RMBS bonds described in these counts. This element will be satisfied if the government proves beyond a reasonable doubt any one type of unlawful conduct, but you must be unanimous as to which type of unlawful conduct you may find to have been proven. In addition, if you find that the only type of conduct the government has proven beyond a reasonable doubt is that the defendant you are considering made, or caused to be made, an untrue statement of a material fact, then you must be unanimous as to at least one such statement that you find to have been materially false.

A device, scheme or artifice to defraud is merely a plan for the accomplishment of any objective. Fraud is a general term which embraces all efforts and means that individuals devise to take advantage of others. The law that the defendant is alleged to have violated prohibits different kinds of manipulative and deceptive acts that relate to a fact that would be material to the reasonable investor in the non-agency RMBS market.

To find any defendant you are considering to have participated in fraudulent conduct, you must find that the defendant you are considering participated willfully and knowingly in the device, scheme, or artifice to defraud "in connection with" a purchase or sale of securities. The "in connection with" aspect of this element is satisfied if you find that there was some nexus or relation between the allegedly fraudulent conduct and a purchase or sale of securities. Fraudulent conduct may be "in connection with" the purchase or sale of securities if you find that the alleged fraudulent conduct "touched upon" a securities transaction.

It is no defense to an overall scheme to defraud that a defendant was not involved in the scheme from its inception or played only a minor role with no contact with the investors and purchasers of the securities in question. Nor is it necessary for you to find that the defendant was the actual buyer or seller of the securities. It is sufficient if the defendant participated in the scheme or fraudulent conduct that involved the purchase or sale of bonds. By the same token, the government need not prove that the defendant personally made the misrepresentation. The government must, however, prove beyond a reasonable doubt that the defendant willfully and knowingly caused the false statement to be made, and that the statement was material when it was made.

You should consider each of the three ways this element can be satisfied. Before you may convict any defendant of the counts, again, you must be unanimous as to which type of unlawful conduct you find to have been proven. If you do not unanimously find that the government has proven one of the three types of unlawful conduct beyond a reasonable doubt, you must find the defendant you are considering not guilty.

Authority: Modified from Sand, Instr. 57-21.

<u>**PROPOSED JURY INSTRUCTION NO. 43**</u>
<u>**SECURITIES FRAUD: SECOND ELEMENT – MATERIALITY**</u>

The second element that you must review on each of Counts Two and Three, and as to

each defendant, is known as materiality.

If you find that the government has established beyond a reasonable doubt that a

statement was false, you must next determine whether the misstatement was material under the

circumstances at the time of the transaction. In order for you to find that a misrepresentation was

material, the government must prove, beyond a reasonable doubt, that there was a substantial

likelihood that the reasonable investor in the non-agency RMBS market would have viewed the

misstated fact as one that significantly altered the total mix of information. To, quote,

"significantly alter the total mix of information" available means to meaningfully affect the

reasonable investor's consideration about whether to buy or sell.

The word material is used to distinguish the kinds of statements that would have

significantly altered the total mix of information available to the reasonable investor in making

an investment decision from those that would not have. In order to be material, there must be a

substantial likelihood that the reasonable investor would find the misrepresentation to have

significantly altered the total mix of information available to the reasonable investor in making

an investment decision.

For the purposes of this case, a "reasonable investor" is a reasonable participant in the

non-agency RMBS market. In determining whether the fact allegedly misstated was material,

you must consider the sophistication of investors in this market. You must approach the question

of materiality from the view of the reasonable investor in the non-agency RMBS market and

decide for yourself whether the government has proven materiality beyond a reasonable doubt.

You must assess whether the false statement was material based on all the facts available to the

reasonable investor as of the time of the transaction and not based on hindsight. The determination of whether something was material requires a careful assessment of the inferences the reasonable investor would draw from the information provided to him, and the significance of those inferences to such an investor. It is a very fact-specific inquiry which you must undertake.

In considering whether an alleged misstatement is material, importance and materiality do not mean the same thing. A statement is material only if it is capable of significantly altering the total mix of information available to the reasonable investor in the non-agency RMBS market that such an investor would consider in making an investment decision. A statement is not shown to be material merely because it may be important to the reasonable investor.

A false statement cannot be material if it constitutes mere puffing or sales talk or the kind of negotiating or haggling that the reasonable investor in the non-agency RMBS market would not consider as significantly altering the total mix of information available in making an investment decision. If you find that the government has failed to prove beyond a reasonable doubt this second element as to a particular count of securities fraud, then your deliberations with respect to that count are finished. You must return a verdict of not guilty as to that count. However, if you find that as to that count the government has proven beyond a reasonable doubt the second element, then you should proceed to consider the third element, known as intent, on which I will now charge you.


<u>Authority</u>: Modified from Sand, Instr. 57-21.

The above-proposed instruction on materiality reflects the current state of the law on the materiality element of securities fraud. The Second Circuit has now made it clear that "while importance is undoubtedly a necessary element of materiality, *importance and materiality are not synonymous*." *City of Pontiac Policeman's & Firemen's Retirement Sys. v. UBS AG*, 752

F.3d 173, 185 (2d Cir. 2014) (emphasis added); *accord Ganino v. Citizens Utils. Co.*, 228 F.3d 154, 162 (2d Cir. 2000) ("It is not sufficient to allege that the investor might have considered the misrepresentation or omission important.").

Therefore, testimony about whether facts allegedly misrepresented by defendants would have been "important" to counterparties should be prohibited under Rules 401 and 403 of the Federal Rules of Evidence due to the high likelihood of confusing the jury on the materiality element. Furthermore, while testimony on an ultimate issue is not per se inadmissible, testimony that "merely tell[s] the jury what result to reach" should be excluded. *See* Fed. R. Evid. 704 advisory comm. notes ("The abolition of the ultimate issue rule does not lower the bars so as to admit all opinions. Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time. These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach . . . ."). However, if the Court permits testimony about the "importance" of certain misstatements, the above-proposed charge contains a remedy that may help the jury understand the difference between importance and materiality.

The "total mix" formulation of materiality is prevailing law based on recent Supreme Court decisions. *Matrixx Initiatives, Inc. v. Siracusano*, 563 U.S. 27, 38 (2011) ("To prevail on a § 10(b) claim, a plaintiff must show that the defendant made a statement that was '*misleading* as to a *material* fact.' In *Basic*, we held that this materiality requirement is satisfied when there is 'a substantial likelihood that the disclosure of the omitted fact would have been viewed by the reasonable investor as having significantly altered the 'total mix' of information made available.'") (quoting *Basic v. Levinson*, 485 U.S. 224, 231-32, 238 (1988)); *see also Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398, 2413 (2014); *In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2005 WL 408137, at *3 (S.D.N.Y. Feb. 22, 2005).

The jury should be instructed that "a 'reasonable investor' is an investor in the non-agency RMBS market." In *Litvak*, the Second Circuit suggested that expert testimony about what "mattered to sophisticated investors" was "relevant to the element of materiality." *United States v. Litvak*, 808 F.3d 160, 185 (2d Cir. 2015). The Court of Appeals added that "district courts in this Circuit have held repeatedly in the analogous civil context that the *sophistication of the investor* is relevant both to the adequacy of the defendant's disclosure, and to the extent of the investor's reliance on any alleged misrepresentations." *Id.* (internal quotation marks omitted) (internal alterations omitted) (emphasis added). The Court of Appeals ultimately held that the sophistication of investors in the RMBS market was integral to the materiality inquiry:

> [A] jury could reasonably have found that misrepresentations by a dealer as to the price paid for certain RMBS would be immaterial to a counterparty that relies not on a "market" price or the price at which prior trades took place, but instead on its own sophisticated valuation methods and computer model. The full context and circumstances in which RMBS are traded were undoubtedly relevant to the jury's determination of materiality.

*Id.* at 183. Other cases confirm that the "reasonable investor" is drawn from the only group of investors capable of being deceived: those buying and selling the securities. *E.g., S.E.C. v.*

*Rorech*, 720 F. Supp. 2d 367, 372 (S.D.N.Y. 2010) ("SEC has failed to prove that either piece of alleged information was material" because "these two pieces of information were not considered material to *reasonable investors in VNU CDSs*," whom the Court noted were "sophisticated high yield bond buyers.") (emphasis added); *AIG Global Sec. Lending Corp. v. Banc of Am. Sec. LLC*, 01CIV.11448 (JGK) (HBP), 2006 WL 1206333, at *1 (S.D.N.Y. May 2, 2006) ("the parties cannot seriously dispute that plaintiffs' financial sophistication and their knowledge concerning [the securities] has some relevance in this securities fraud action"); *Basso Sec. Ltd. v. Interstate Bakeries Corp.*, No. CIV.01CV575 (PCD), 2002 WL 32255352, at *4 n. 3 (D. Conn. Jan. 18, 2002) ("Plaintiff [in a Rule 10b-5 case] would also appear to face a formidable obstacle in alleging that the misstatement in the IBC press release was material" because "[t]he notion that a *sophisticated plaintiff* would rely on a summary of a shareholder agreement appearing within a press release without referring to the document to which it refers is a dubious proposition.") (emphasis added); *see also Emergent Capital Inv. Mgmt., LLC v. Stonepath Grp., Inc.*, 343 F.3d 189, 195 (2d Cir. 2003) ("In assessing the reasonableness of a plaintiff's alleged reliance, we consider the entire context of the transaction, including factors such as its complexity and magnitude, the sophistication of the parties, and the content of any agreements between them."); *In re Enron Corp. Securities*, 529 F. Supp. 2d 644, 749 (S.D. Tex. 2006) ("[T]he Court concludes that factors affecting debt securities must also be examined analytically, not cursorily or superficially, with a view to their distinctive nature and to the kinds of news that would move their market price in contrast to the kind of information that might affect the more volatile stock market . . . ."); *cf. United States v. Weimert*, 819 F.3d 351, 358 (7th Cir. 2016) ("[N]egotiating parties, and certainly the sophisticated businessmen in this case, do not expect complete candor about negotiating positions, as distinct from facts and promises of future behavior. Deception about negotiating positions—about reserve prices and other terms and their relative importance—should not be considered material for purposes of mail and wire fraud statutes.").

The Court should also instruct the jury that it should assess the total mix of information from the perspective of the reasonable investor at the time of the transaction. *See Spielman v. Gen. Host Corp.,* 402 F. Supp. 190, 194 (S.D.N.Y. 1975), *aff'd*, 538 F.2d 39 (2d Cir. 1976) ("The determination of materiality is to be made upon all the facts as of the time of the transaction and not upon a 20-20 hindsight view long after the event."); *see also Ganino*, 228 F.3d at 165 ("Materiality is determined in light of the circumstances existing at the time the alleged misstatement occurred."); *Freedman v. Value Health, Inc.*, 135 F. Supp. 2d 317, 334 (D. Conn. 2001) ("While it may now seem clear that the merger had detrimental effects on Value Health, that is not the relevant inquiry.") (citing *Spielman*), *aff'd*, 34 F. App'x 408 (2d Cir. 2002).

The third element that the government must establish beyond a reasonable doubt on

Count Two and Count Three is that the defendant you are considering participated in the scheme

to defraud knowingly, willfully and with intent to defraud.

At the outset, I will provide a few helpful definitions. To act "knowingly" means to act

voluntarily and deliberately, rather than mistakenly or inadvertently. To act "willfully" means to

act knowingly and purposely, with an intent to do something the law forbids, that is to say, with

bad purpose either to disobey or to disregard the law. Conduct is not "willful" if it is the result of

a good faith misunderstanding of the requirement of the law. In this connection, it is for you to

decide whether the defendant acted in good faith, that is, whether he sincerely misunderstood the

requirements of the law, or whether he knew what he was required to do and deliberately did not

do so.

"Intent to defraud" in the context of the securities laws means to act knowingly and with

the intent to deceive.

The question of whether a person acted knowingly, willfully and with intent to defraud is

a question of fact for you to determine, like any other fact question. This question involves one's

state of mind.

Direct proof of knowledge and fraudulent intent is almost never available. It would be a

rare case where it could be shown that a person wrote or stated that as of a given time in the past

he committed an act with fraudulent intent. Such direct proof is not required. The ultimate facts

of knowledge and intent may be established by circumstantial evidence, based upon a person's

outward manifestations, his words, his conduct, his acts and all the surrounding circumstances

disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

Since an essential element of the crime charged is intent to defraud, it follows that good faith on the part of a defendant is a complete defense to a charge of securities fraud. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and consequent lack of good faith beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against a defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the charged securities fraud offense was unlawful and calculated to deceive, and nonetheless he associated himself with the alleged fraudulent scheme.

To conclude on this element, if you find that the government has established beyond a reasonable doubt not only that a particular defendant actually engaged in a scheme to defraud, but also this element, that the defendant you are considering engaged in the scheme knowingly and willfully and with intent to defraud, then you may proceed to the next element of securities fraud. On the other hand, if you find that the defendant you are considering did not act knowingly and willfully and with intent to defraud, then you should acquit that defendant.

Authority: Modified from Sand, Instr. 57-24; *see also Bryan v. United States*, 524 U.S. 184, 191 (1998) (holding that a trial judge correctly instructed that "[a] person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is, with the bad purpose to disobey or to disregard the law"); *see also id.* at 191-92 ("As a general matter, when used in the criminal context, a 'willful' act is one undertaken with a 'bad purpose.' In other words, in order to establish a 'willful' violation of a statute, 'the Government must prove that the defendant acted with knowledge that his conduct was unlawful.'") (footnote omitted) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 137 (1998)); *United States v. Cassese*, 428 F.3d 92, 98 (2d Cir. 2005) (affirming a judgment of acquittal because "we conclude that [the government] did not adduce enough evidence to prove beyond a reasonable doubt that Cassese believed that he was *acting unlawfully*.") (emphasis added).

This element of securities fraud was discussed in the Second Circuit's decision in *United States v. Litvak*, 808 F.3d 160 (2d Cir. 2015). The proposed charge above reflects the *Litvak* court's

holding that intent to harm is not a requirement for securities fraud. *See Litvak*, 808 F.3d at 178-79 (citing *United States v. Newman*, 773 F.3d 438, 447 (2d Cir. 2014)). The above-proposed charge therefore correctly recites the current state of the law in the Second Circuit.

However, defendants believe that intent to harm should be included in the scienter requirement for securities fraud. The inclusion of intent to harm better reflects the intent and purpose of the securities fraud statutes. *See United States v. Whitman*, 904 F. Supp. 2d 363, 374 (S.D.N.Y. 2012) (noting that "specific intent to defraud" under Rule 10b-5 requires a showing of intent to harm), *aff'd*, 555 F. App'x 98 (2d Cir. 2014) (summary order); *United States v. DeSantis*, 134 F.3d 760, 764 (6th Cir. 1998) ("Both statutes [mail fraud and securities fraud] require a specific intent to defraud. This means not only that a defendant must knowingly make a material misrepresentation or knowingly omit a material fact, but also that the misrepresentation or omission must have the purpose of inducing the victim of the fraud to part with property or undertake some action that he would not otherwise do absent the misrepresentation or omission.") (citations omitted); *cf. United States v. Takhalov*, 827 F.3d 1307, 1312-14 (11th Cir. July 11, 2016).

Defendants therefore believe that the intent element of wire fraud should be incorporated in the securities fraud intent element. Defendants propose the following charge, with supplemental language included in italics:

> "Intent to defraud" in the context of the securities laws means to act knowingly and with the intent to deceive *and to cause harm to another. Fraudulent intent for securities fraud requires more than intent to deceive. In addition to proving beyond a reasonable doubt that the defendant acted with an intent to deceive, the government must also prove the defendant you are considering had an intent to defraud, that is, that the defendant intended to harm his counterparty, i.e., cause some financial or property loss to his counterparty. If you find that a defendant made misrepresentations but that the misrepresentation was not capable of affecting the counterparty's understanding of the bargain or influencing its assessment of the value of the items bargained for you must find that defendant not guilty of securities fraud because the government has failed its burden of proving an intent to defraud.*

This description of intent to harm is based on the description provided below regarding intent to harm in the wire fraud context. *See infra*, Proposed Jury Instruction No. 50.

<u>**PROPOSED JURY INSTRUCTION NO. 45**</u>
<u>**SECURITIES FRAUD: FOURTH ELEMENT – INSTRUMENTALITY OF**</u>
<u>**INTERSTATE COMMERCE**</u>

The fourth and final element that the government must prove beyond a reasonable doubt is that the defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce in furtherance of the fraudulent conduct. "Instruments of communication in interstate commerce" include interstate wires and electronic communications over the internet, such as emails, chats, and messaging. It is not necessary that a defendant be directly or personally involved in any wire or internet communication. If the defendant was a knowing and willful participant in the scheme and took steps or engaged in conduct which he knew or could reasonably foresee would naturally and probably result in a wire or internet communication, then you may find that he caused wires, or other instrument of communication in interstate commerce to be used, and this element would be proven.

The use of interstate wires or internet need not be central to the execution of the scheme, and may even be incidental to it. All that is required is that the use of interstate means of communication bear some relation to the object of the scheme or fraudulent conduct.

With this, the fourth and final element of the securities fraud allegations, I have now concluded my instructions on the charges in Counts Two and Three – the counts charging securities fraud.

<u>Authority</u>: Modified from Sand, Instr. 57-25.

## PROPOSED JURY INSTRUCTION NO. 46
## WIRE FRAUD: OVERVIEW

In Counts Four through Nine, the government alleges that each of the defendants committed and aided and abetted certain violations of the wire fraud statute.

[*Explanation of the counts as determined by the court.*].

The relevant statute in this area is Title 18, United States Code, Section 1343, which reads:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire radio or television communication in interstate or foreign commerce, any writings, signs, signals, pictures or sounds for the purpose of executing such scheme or artifice shall be [guilty of a crime].

I will now instruct you on the law relevant to Counts Four through Nine. Remember that you must separately weigh the evidence as to each defendant, on each count, and on each element of that count.

Authority: Modified from Sand, Instr. 44-1.

In order to sustain its burden of proof with respect to the wire fraud charged in Counts Four Through Nine, the government must separately prove beyond a reasonable doubt each of the following four elements as to the defendant you are considering with respect to a particular count.

The first element that the government must prove beyond a reasonable doubt is that there existed a scheme to defraud, meaning a scheme to deprive another of money or property by false or misleading statements, pretenses or promises.

The second element that the government must prove beyond a reasonable doubt is that such false or misleading statements, pretenses or promises were material.

The third element that the government must prove beyond a reasonable doubt is that the defendant knowingly and willfully participated in the scheme or artifice to defraud, with knowledge of its fraudulent nature and with specific intent to defraud, or that he knowingly and intentionally aided and abetted others in the scheme.

The fourth element that the government must prove beyond a reasonable doubt is that in execution of that scheme, the defendant used or caused the use of the interstate wires as specified in the indictment.

I will now describe each of these four elements in more detail.

Authority: Modified from Sand, Instr. 44-3.

Although Sand combines the scheme to defraud and materiality elements of wire fraud, defendants propose that those two elements be instructed separately to the jury. Those elements are likely to be hotly contested at trial and charging the elements separately will provide the clearest directives to the jury. Several pattern instructions propose instructing the jury on those elements separately. *See, e.g.*, Fifth Circuit Pattern Jury Instructions (Criminal Cases) § 2.57 (2015); Sixth Circuit Pattern Criminal Jury Instruction 10.02 (September 9, 2015); Seventh

67

Circuit Pattern Criminal Jury Instruction at 393, 399 (2012) ("Mail/Wire/Carrier Fraud – Elements) ("Definition of Material"); Ninth Circuit Manual of Model Criminal Jury Instruction § 8.121 (2010) (updated June 2016); Tenth Circuit Criminal Pattern Jury Instruction 2.57 (2011) (updated September 2015); Eleventh Circuit Pattern Criminal Jury Instructions, Offense Instruction 51 (2010). Defendants propose that the intent to defraud and materiality be instructed separately in order to provide the clearest possible instructions to the jurors.

The first element that the government must prove beyond a reasonable doubt is that there was a scheme or artifice to defraud counterparties of money or property by means of false or fraudulent pretenses, representations or promises.

A few definitions will help to guide your deliberations on this element of the wire fraud statute. A "scheme or artifice" is merely a plan for the accomplishment of an object.

A scheme to defraud is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations or promises reasonably calculated to deceive persons of average prudence.

"Fraud" is a general term which embraces all the various means that an individual may devise to obtain money or property by false representations, suggestions or suppression of the truth, or deliberate disregard for the truth.

Thus, a "scheme to defraud" is a plan to deprive another of money or property by trick, deceit, deception or swindle.

The scheme to defraud in the wire fraud counts is alleged to have been carried out by making materially false or fraudulent statements, representations and promises. I'll describe materiality in a few minutes. A statement, representation or promise is false if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A statement, representation or promise is fraudulent if it was falsely made with the intention to deceive.

Deceitful material statements of half-truths, and the expression of an opinion not honestly entertained may also constitute false or fraudulent statements under the statute.

The deception need not be premised upon spoken or written words alone. The arrangement of the words or the circumstances in which they are used may convey the false and deceptive appearance. If there is deception, the manner in which it is accomplished is not important.

The false or fraudulent representation must relate to a material fact or matter. As I said, I will instruct you on materiality in a moment. In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property, regardless of whether the defendant actually realized any gain from the scheme or that the intended victim actually suffered any loss.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the government has sustained its burden of proving beyond a reasonable doubt that a scheme to defraud, as charged, did exist, you next should consider the second element, materiality, to which I now turn.

Authority: Modified from Sand, Instr. 44-4.

## PROPOSED JURY INSTRUCTION NO. 49
## WIRE FRAUD: SECOND ELEMENT – MATERIALITY

The second element that the government must prove beyond a reasonable doubt is that the false or fraudulent representations were material under the circumstances. The false or fraudulent representation must relate to a material fact or matter. A material fact is one which would reasonably be expected to be significant to a reasonable person in making a decision, *e.g.*, with respect to a proposed investment.

Here, again, you should consider the evidence you have heard about the sophistication of buyers and sellers of non-agency RMBS in this market, and the information available to those buyers and sellers at the time they transacted. You should ask yourself, who are the people buying and selling in this market, what is their level of sophistication, and would the reasonable buyer or seller consider the charged false or fraudulent representations significant under the circumstances?

As in the materiality element of securities fraud, in considering whether an alleged misstatement is material, importance and materiality do not mean the same thing. A statement is material only if it would reasonably be expected to be significant to a reasonable person in relying upon the representation or statement in making a decision. A statement is not shown to be material merely because it may be important to the reasonable investor.

For a fact to be material, it must be reasonably likely to influence a reasonable participant in the non-agency RMBS market in making an investment decision. The government may not establish that a fact is material simply because it is relevant to a market participant. You should consider the sophistication of market participants in determining whether the misrepresentations alleged in Counts Four through Nine meet this standard. Also, like in the materiality element of securities fraud, a false statement cannot be material if it constitutes mere puffing or sales talk or

the kind of negotiating or haggling that the reasonable investor would not consider significant in making an investment decision.

This means that if you find a particular statement of fact to have been false, you must separately determine whether that statement was one that a reasonable person or investor would have considered significant under the circumstances in making his or her decision.

Authority: Modified from Sand, Instr. 44-4; *see United States v. Weimert*, 819 F.3d 351, 358 (7th Cir. 2016) ("[N]egotiating parties, *and certainly the sophisticated businessmen in this case*, do not expect complete candor about negotiating positions, as distinct from facts and promises of future behavior. Deception about negotiating positions—about reserve prices and other terms and their relative importance—should not be considered material for purposes of mail and wire fraud statutes.") (emphasis added).

Courts ruling on the materiality element of wire fraud have looked for guidance in the materiality element of securities fraud. *See, e.g.*, *United States v. Teyibo*, 877 F. Supp. 2d 846, 861 (S.D.N.Y. 1995). In securities fraud cases, "[t]he full context and circumstances in which RMBS are traded were undoubtedly relevant to the jury's determination of materiality." *Litvak*, 808 F.3d at 183; *see also S.E.C. v. Rorech*, 720 F. Supp. 2d 367, 372 (S.D.N.Y. 2010); *AIG Global Sec. Lending Corp. v. Banc of Am. Sec. LLC*, 01CIV.11448 (JGK) (HBP), 2006 WL 1206333, at *1 (S.D.N.Y. May 2, 2006); *Basso Sec. Ltd. v. Interstate Bakeries Corp.*, No. CIV.01CV575 (PCD), 2002 WL 32255352, at *4 n.3 (D. Conn. Jan. 18, 2002). The jury should be instructed that the "full context and circumstances in which RMBS are traded" is also relevant to materiality on the wire fraud counts.

Like in the securities fraud context, importance is not synonymous with materiality. *See United States v. Rigas*, 490 F.3d 208, 234-35 (2d Cir. 2007).

The third element that the government must prove beyond a reasonable doubt is that the defendant participated in the scheme to defraud knowingly, willfully and with specific intent to defraud. As I have already explained when I instructed you on the securities fraud counts, "knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently. "Willfully" means to act knowingly and purposely, with an intent to do something the law forbids; that is to say, with bad purpose either to disobey or to disregard the law. These terms have the same meaning here as what I previously instructed you.

"Intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another. Thus, as you consider the wire fraud alleged in Counts Four through Nine, you must find the defendant you are considering not guilty unless the government has proven beyond a reasonable doubt that the defendant intended to deceive his counterparties and, additionally, intended to harm his counterparties. If you find that a defendant made misrepresentations but that the misrepresentation was not capable of affecting the counterparty's understanding of the bargain or influencing its assessment of the value of the items bargained for you must find that defendant not guilty of wire fraud because the government has failed its burden of proving an intent to defraud. Put differently, you may not find intent to harm if you find that the counterparty received the benefit of the bargain it struck.

The question of whether a person acted knowingly, willfully and with intent to defraud is a question of fact for you to determine, like any other fact question. As I have explained when I instructed you on the securities fraud counts, this question involves one's state of mind and direct proof of knowledge and fraudulent intent is almost never available. As I have explained, such

direct proof is not required and the ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence.

Since an essential element of the crime charged is intent to defraud, it follows that a good faith misunderstanding of the requirement of the law on the part of the defendant is a complete defense to a charge of wire fraud. It is for you to decide whether the defendant you are considering acted in good faith, that is, whether he sincerely misunderstood the requirements of the law, or whether he knew what he was required to do and deliberately did not do so. I will instruct you further on the defense of good faith in a moment. A defendant, however, has no burden to establish a defense of good faith. The burden is on the government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.

As a practical matter, then, in order to sustain the charges against the defendant, the government must establish beyond a reasonable doubt that he knew that his conduct as a participant in the scheme was unlawful and calculated to deceive and, nonetheless, he deliberately associated himself with the alleged fraudulent scheme for the purpose of causing some loss to another.

To conclude on this element, if you find that the government has established beyond a reasonable doubt the first element, the existence of the scheme to defraud, the second element, materiality, and this third element, that the defendant was a knowing participant and acted with specific intent to defraud, only then may you proceed to the fourth element of wire fraud. However, if you find that the government has not proven beyond a reasonable doubt that the defendant you are considering was a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find that defendant not guilty.

<u>Authority</u>: Modified from Sand, Instr. 44-4 ("In addition to proving that a statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the government must prove that the alleged scheme contemplated depriving another of money or property . . . .").

The above-proposed instruction combines the pattern instruction on intent to harm, *see* Sand, Instr. 44-4, with additional clarification based on governing case law. *See United States v. Regent Office Supply Co.*, 421 F.2d 1174, 1182 (2d Cir. 1970) ("[W]e conclude that the defendants intended to deceive their customers but they did not intend to defraud them, because the falsity of their representations was not shown to be capable of affecting the customer's understanding of the bargain nor of influencing his assessment of the value of the bargain to him, and thus no injury was shown to flow from the deception."); *see also United States v. Novak*, 443 F.3d 150, 159 (2d Cir. 2006) (holding that intent to defraud was absent where victims "received all they bargained for"); *United States v. Starr*, 816 F.2d 94, 98 (2d Cir. 1987) (holding that intent to defraud was absent where victims "received exactly what they paid for"). The jury in this case should receive supplemental instruction on intent to harm because there is a strong likelihood of confusion between the securities fraud intent requirement (intent to deceive only) and the wire fraud intent requirement (intent to deceive *and* intent to harm).

**WIRE FRAUD: FOURTH ELEMENT – USE OF THE INTERSTATE WIRES**

The fourth and final element that the government must establish beyond a reasonable doubt is the use of an interstate or international wire communication in furtherance of the scheme to defraud.

The wire communication must pass between two or more states as, for example, a telephone call between New York and Connecticut; or it must pass between the United States and a foreign country, such as a telephone call between New York and London. The use of the wires need not itself be a fraudulent representation. It must, however, further or assist in the carrying out of the scheme to defraud.

It is not necessary for the defendant to be directly or personally involved in the wire communication, as long as the communication was reasonably foreseeable in the execution of the alleged scheme to defraud in which the defendant is accused of participating. In this regard, it is sufficient to establish this element of the crime if the evidence justifies a finding that the defendant caused the wires to be used by others.

With this, the fourth and final element of the wire fraud allegations, I have now concluded my instructions on the charges in Counts Four through Nine – the counts charging wire fraud.

Authority: Modified from Sand, Instr. 44-7.

# PROPOSED JURY INSTRUCTION NO. 52
## GOOD FAITH DOCTRINE

The good faith of a defendant is a complete defense to each count in the indictment because good faith on the part of a defendant is, simply, inconsistent with a finding of fraudulent intent and willfulness as defined under both the securities fraud statute as well as the wire fraud statute. Therefore, good faith on the part of a defendant is also inconsistent with willfully making materially false, fictitious, and fraudulent statements and representations.

A person who acts, or causes another person to act, on a belief or an opinion honestly held is not punishable under the statutes relevant to this case merely because the belief or opinion turns out to be inaccurate, incorrect, or wrong. An honest mistake in judgment or an error in management does not rise to the level of criminal conduct. Accordingly, a person who acts, or causes another person to act, based on a belief that the intended action complies with the law is not punishable under the statutes relevant to this case merely because that belief turns to be inaccurate, incorrect or wrong.

This law is intended to subject to criminal punishment only those people who knowingly and willfully attempt to defraud. While the term good faith has no precise definition, it means, among other things, a belief or opinion honestly held, an absence of malice or ill will, and an intention to comply with the law. Evidence of a defendant's good faith belief can take many forms, including statements, behavior, actions, and even inaction by his supervisors, other supervisors, compliance officers, other traders, salespeople, counterparties, and other authorities. You can also consider evidence of a defendant's training or lack of training regarding the misrepresentations in this case.

If a defendant believed in good faith that he was acting lawfully, even if he was mistaken in that belief, and even if others were harmed by his conduct, there would be no crime.

A person who believes in good faith that his actions comply with the law cannot be found guilty of a crime. Under securities and wire fraud statutes, even false representations or statements of material facts do not amount to a fraud unless done with fraudulent intent. However misleading or deceptive a plan may be, it is not fraudulent if it was devised or carried out in good faith.

In determining whether or not the government has proven that the defendant you are considering acted in good faith or knowingly and willfully made material misrepresentations with intent to defraud or intent to deceive, as appropriate to the count you are considering, you must consider all of the evidence in the case bearing on the defendant's state of mind.

The burden of proving good faith does not rest with the defendant because the defendant does not have an obligation to prove anything in this case. It is the government's burden to prove to you, beyond a reasonable doubt, that the defendant knowingly and willfully made material misrepresentations with intent to defraud as I explained the term "intent to defraud" earlier. If the evidence in the case leaves you with a reasonable doubt as to whether a defendant acted in good faith, the government has not met its burden of proving guilt beyond a reasonable doubt and you must find the defendant not guilty.

<u>Authority</u>: Modified from O'Malley § 47.16, Sand, Instr. 8-1.

In *Litvak*, the Second Circuit recognized two examples of the manner in which good faith can be shown. First, the defense could introduce evidence that supervisors approved of Litvak's alleged misrepresentations. *United States v. Litvak*, 808 F.3d 160, 188 (2d Cir. 2015). Second, the defense could introduce "evidence of Jefferies managers', including Litvak's supervisors, knowledge or approval of *other employees'* similar conduct." *Id.* The second category was admissible because it supported the inference that supervisors at Jefferies approved of the alleged misconduct:

Such an inference would support Litvak's attempt to introduce a reasonable doubt as to his intent to defraud, *i.e.*, that he held an honest belief that his conduct was

not improper or unlawful, a belief the jury may have found more plausible in light of his supervisors' approval of his colleagues' substantially similar behavior.

*Id.* at 190. The jury should be instructed that this evidence properly may be considered as part of the defendants' good faith defense.

**PROPOSED JURY INSTRUCTION NO. 53**
**LAW ON DEFENDANTS ACTING AS PRINCIPALS**

*The government has stated that it will seek to introduce testimony from counterparties that they believed the defendants were acting as their agents. See Government's Opposition To Defendants' Motion In Limine To Exclude Evidence That Defendants' Acted As An "Agent" Or "Broker" Or Owed Any Agencies Duties To Counterparties (July 25, 2016), ECF No. 183. The government has also conceded that in order to remedy the fact that this testimony incorrectly states the legal relationship between the parties, the jury should be instructed that the defendants were not agents of the counterparties, and instead had a principal-to-principal relationship with those parties. See id. at 6 ("[T]he Court can offer a limiting instruction that clarifies that the defendants owed no independent fiduciary duty to their victims."); id. at 8 ("[A]ny risk [of juror confusion] can be easily mitigated by the defense during cross-examination or through a jury instruction."). Because the government's decision to elicit patently incorrect testimony will lead to jury confusion on a critical point, the defendants request that the Court give the following instruction both immediately following the relevant testimony and in the final instruction to the jury.*

[**IF APPLICABLE:** You have heard testimony from various counterparties that they believed the defendants were acting as their agents in the purchase or sale of non-agency RMBS. I instruct you that, as a matter of law, the defendants were at all times acting as principals on behalf of Nomura and not as the agent of the counterparties. In other words, when a defendant bought an RMBS from a counterparty, he was not the agent of that seller. And further, when a defendant sold an RMBS to a counterparty, he was not the agent of that buyer. As a principal, the defendants owed no duty of loyalty to the counterparties and were acting in their own self-interest, not the interest of the counterparty.]

I [further] instruct you that federal law requires broker-dealers, such as the defendants, to disclose to their counterparties certain information following a transaction. The information that must be disclosed includes the date and time of the transaction, and the identity, price, and amount of bonds bought or sold. Most importantly, the broker-dealer must disclose the capacity in which it is acting; that is, whether they are a principal or agent in the transaction. As I just instructed you, the defendants were, at all times and in each of the bond transactions in this case, acting as principals and not agents with respect to the counterparties. Federal law does not

require broker-dealers to disclose the markup or profit they are making on trades when they conduct a principal transaction.

I instruct you that the defendants and their employer, Nomura, complied with these requirements in providing trade confirmations, copies of which have been received into evidence.

Authority: *See* 17 C.F.R. § 240.10b-10(a)(1) (requirement to disclose date, time, identity of the security, price, and number of shares); *Id.* § 240.10b-10(a)(2) (requirement to disclose whether broker-dealer is acting as a principal or agent); *see also United States v. Litvak*, No. 13-cr-19 (JCH) (D. Conn. Jan. 13, 2017), at 1488:20-1489:3 ("In the law, a person is an agent if he's authorized to act on behalf of another known as a principal. An agent owes certain duties to his principal. In the transactions at issue in this case, Mr. Litvak was not the agent of the buyers or sellers of the RMBS residential mortgage-backed securities. In other words, when he bought an RMBS from another person, he was not an agent of that seller. And further, when he sold an RMBS to another person, he was not the agent of that buyer.").

The jury should be instructed on the undisputed fact that the defendants were not agents of their counterparties in this case. The government has conceded that an instruction may be necessary to mitigate the damage done by testimony it will elicit. *See* Government's Opposition To Defendants' Motion *In Limine* To Exclude Evidence That Defendants' Acted As An "Agent" Or "Broker" Or Owed Any Agencies Duties To Counterparties at 6 (July 25, 2016), ECF No. 183 ("[T]he Court can offer a limiting instruction that clarifies that the defendants owed no independent fiduciary duty to their victims."); *id.* at 8 ("[A]ny risk [of juror confusion] can be easily mitigated by the defense during cross-examination or through a jury instruction."). The Court should not allow the jury to deliberate without a clear instruction that "[m]any common legal relationships do not by themselves create relationships of agency . . . ." Restatement (Third) of Agency § 1.02 (Am. L. Inst. 2006); *see also id.* § 1.01 ("Not all relationships in which one person provides services to another satisfy the definition of agency.).

## PROPOSED JURY INSTRUCTION NO. 54
## DEFENSE THEORY OF THE CASE

*Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, Defendants Ross Shapiro, Michael Gramins, and Tyler Peters intend to request an instruction on their defense theories of the case. Defendants reserve the right to submit the requests at the close of trial.* See Mathews v. United States*, 485 U.S. 58, 63 (1988) ("As a general proposition a defendant is entitled to an instruction as to any recognized defense for which there exists evidence sufficient for a reasonable jury to find in his favor.");* United States v. GAF Corp.*, 928 F.2d 1253, 1262 (2d Cir. 1991) ("This Court has repeatedly recognized a criminal defendant's right to a jury charge which reflects the defense theory.").*

That concludes my instructions on the elements of each count in the indictment and the defenses.

You are about to go into the jury room and begin your deliberations. If during those deliberations you want to see any of the exhibits, they will be sent to you in the jury room upon request. If you want any of the testimony read, that can also be done.

Your requests for exhibits or testimony—in fact any communication with the court—should be made to me in writing, signed by your foreperson, and given to one of the marshals. I will respond to any questions or requests you have as promptly as possible, either in writing or by having you return to the courtroom so I can speak with you in person. In any event, do not tell me or anyone else how the jury stands on the issue of any defendant's guilt until after a unanimous verdict is reached.


Authority: Modified from Sand, Instr. 9-3.

## PROPOSED JURY INSTRUCTION NO. 56
## FOREPERSON/DUTY TO DELIBERATE/UNANIMOUS VERDICT

When you return to the jury room, the first thing you must do is elect one member of the jury to act as your foreperson. The foreperson will preside over the deliberations of the jury and speak on behalf of the jury in your communications with me.

As the jury and as individual jurors, your function is to weigh the evidence in this case and to decide whether the government has proven beyond a reasonable doubt each of the elements of the crimes with which the defendants are charged. As you evaluate the evidence against each defendant on each element of each count, if the government has succeeded in meeting its burden of proving guilt beyond a reasonable doubt, your verdict as to that count and as to that defendant should be guilty; if it has failed to do so, it should be not guilty. You must base your verdict solely on the evidence or lack of evidence and these instructions as to the law, and you are obliged on your oath as jurors to follow the law as I instruct you, whether you agree or disagree with the particular law in question.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views. Every juror should be heard. No one juror should hold center stage in the jury room and no one juror should control or monopolize the deliberations.

Each of you must decide the case for yourself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous.

No deliberations are permitted to take place unless all jurors are present. If at any time a member of the jury needs to take a break, the other jurors must stop deliberations until that juror

returns, and then recommence with everybody as a group. The jury deliberates together as a group.

Your verdict must be unanimous as to each charge in the indictment. However, you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

Remember at all times, you are not partisans. You are judges — judges of the facts. Your sole interest is to determine whether the government has proven the guilt of the defendant you are considering, on the charge you are considering, beyond a reasonable doubt.

If you are divided, do not report how the vote stands, and if you have reached a verdict do not report what it is until you are asked in open court.


Authority: Modified from the charge given in *United States v. Vailette*, 14-cr-60 (RNC) (D. Conn. Sept. 28, 2015), ECF No. 293, at 168-70.

## PROPOSED JURY INSTRUCTION NO. 57
## ROLE OF INDIVIDUAL JURORS

Keep in mind that all jurors are independent and equal. No one juror, including the foreperson, has more power or authority than any other juror.

Authority: *See United States* v. *Henry*, 325 F.3d 93, 107 (2d Cir. 2003) ("[T]his Court has approved language directing jurors to consider the views of other jurors without abandoning their own conscientious opinions"); Traci Feller, *What the Literature Tells Us About the Jury Foreperson*, The Jury Expert 42, 47-48 (November 2010) (explaining that, according to the social science literature on the role of jury forepersons, "fellow jurors view forepersons as more influential than the average juror"; "the foreperson's perceived dominance in the group could cause some concern about the speaking opportunities of non-forepersons, especially when those non-forepersons harbor views and opinions contrary to the foreperson and the majority"; "Th[e] person given the title of foreperson is likely to speak two to three times more than the average of the remaining jurors, and the verdict is most likely going to reflect what this person thought before deliberations.").

**PROPOSED JURY INSTRUCTION NO. 58**
**PUNISHMENT**

Under your oath as jurors, you cannot allow any consideration of the potential

punishment which may be imposed upon a defendant, if he is convicted, to influence your

verdict, in any way, or, in any sense, enter into your deliberations. Your function is to weigh the

evidence in the case and to determine whether or not the defendant is guilty beyond a reasonable

doubt, solely upon the basis of such evidence.


Authority: Modified from Sand, Instr. 9-1; *see also* charge given in *United States v. Vailette*, 14-
cr-60 (RNC) (D. Conn. Sept. 28, 2015), ECF No. 293, at 169.

## PROPOSED JURY INSTRUCTION NO. 59
## JUROR NOTES

A number of you have taken notes during the trial. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. Any notes that you may take are not evidence. You may not show your notes to any other juror during your deliberations. If you did not take notes, you must still rely on your own recollection of the proceedings and must not be influenced by the notes of other jurors. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.

Authority: Modified from Sand, Instr. 1-3; charge given in *United States v. Vailette*, 14-cr-60 (RNC) (D. Conn. Sept. 28, 2015), ECF No. 293, at 169.

## PROPOSED JURY INSTRUCTION NO. 60
## VERDICT FORM

Once you have reached a unanimous verdict, your foreperson should send a note to me informing me of that fact, and I will then ask the jury to return to the courtroom. The foreperson should not send the verdict form to me. Instead, the foreperson will be asked to deliver the verdict form here, in open court, after the jury has returned to the courtroom.

When I refer to the verdict form, I refer to this form, which you will use to record your verdict. It bears the name of the court and the name of the case, and it asks you to tell us whether your verdict is not guilty or guilty as to each count and as to each defendant.

Your foreperson will sign and date this verdict form and keep the form until you return to the courtroom, at which time the foreperson will deliver the verdict form here in open court.

Authority: Charge given in *United States v. Vailette*, 14-cr-60 (RNC) (D. Conn. Sept. 28, 2015), ECF No. 293, at 172.

## PROPOSED JURY INSTRUCTION NO. 61
## RULES OF CONDUCT

You have a duty to safeguard the secrecy and integrity of your deliberations. Accordingly, do not communicate with anyone about the case except your fellow jurors. This rule applies to family members and friends and everyone else. It applies to my courtroom deputy and to my law clerks. It even applies to me. This includes discussing the case in person, in writing, by phone, or by any electronic means, including text messages, email, Facebook, blogging, internet chat room, or website. You simply are not permitted to communicate about the case with anyone except your fellow jurors.

Do not communicate with anyone except your fellow jurors, and even then only while you are in the jury room deliberating with everybody present. If you are asked or approached in any way with regard to your jury service or anything about the case, you should respond that you have been ordered by the Court not to discuss the matter and you should report the contact to my courtroom deputy as soon as possible.

As you know, you must scrupulously refrain from trying to access information about the case from any outside source including dictionaries, reference books, or anything on the internet. Information that you may find on the internet or in a printed reference might be incorrect or incomplete. Moreover, as I have instructed you before, you must also scrupulously avoid any media reports about the case or any other outside influences. Under our Constitution, it is important that you not be influenced by anyone or anything outside the courtroom. Your sworn duty is to decide the case solely on the legally admissible evidence that was presented to you here in court.

Authority: Modified from the charge given in *United States v. Vailette*, 14-cr-60 (RNC) (D. Conn. Sept. 28, 2015), ECF No. 293, at 170-71.

## PROPOSED JURY INSTRUCTION NO. 62
## EXCEPTIONS

Members of the jury, I am going to ask you to remain seated where you are briefly while I confer with counsel to see if there are additional instructions that they would like to have me mention to you or anything I may not have covered.

In this regard, I ask you not to discuss the case while seated in the box because there is the possibility that I might find it proper to give you additional instructions. Please remain where you are.

Dated: New York, New York
      March 15, 2017

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ Marc L. Mukasey
Marc L. Mukasey (CT29885)
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-6832
Facsimile: (212) 801-6400
Email: mukaseym@gtlaw.com
*Attorneys for Michael Gramins*

PETRILLO KLEIN & BOXER LLP

By: /s/ Guy Petrillo
Guy Petrillo (CT19924)
655 Third Avenue, 22nd Floor
New York, New York 10017
Telephone: (212) 370-0330
Facsimile: (315) 873-2015
*Attorneys for Ross Shapiro*

ALSTON & BIRD LLP

By: /s/ Brett D. Jaffee
Brett D. Jaffe (PHV07701)
90 Park Avenue
15th Floor
New York, New York 10016
Telephone: (212) 210-9400
Facsimile: (212) 210-9444
*Attorneys for Tyler Peters*

## CERTIFICATION OF SERVICE

I hereby certify that on March 15, 2017, a copy of foregoing Defendants' Joint Requests To Charge was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
       March 15, 2017

/s/ Marc L. Mukasey
Marc L. Mukasey (CT29885)
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mukaseym@gtlaw.com
