UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    v.<br><br>ROSS SHAPIRO and<br>MICHAEL GRAMINS,<br><br>          Defendants. | S3 15-cr-00155 (RNC)<br><br>June 12, 2018 |

**DEFENDANT MICHAEL GRAMINS' AMENDED MOTION FOR
MODIFICATION OF CONDITIONS OF RELEASE**

Further to his oral Motion to Modify Conditions of Release of June 7, 2018 (Dkt. 509), Defendant Michael Gramins hereby respectfully moves this Court to modify the Order Setting Conditions of Release ("Bail Order") to remove restrictions on Mr. Gramins' travel and contact with certain industry participants, such that his conditions of bail would be release on his own recognizance and the standard conditions. Since the hearing before the Court on June 7, 2018, at which Mr. Gramins initially moved for a modification of his bail conditions, the government has advised that it has no objection to this application except that it does not agree that the condition of bail barring contact with industry participants should be lifted.

We respectfully submit this Amended Motion requesting that the Court (1) amend Mr. Gramins' bail conditions, absent any objection, such that they consist solely of release on his own recognizance and the standard conditions, as well as—for the time being—the "no contact" provision, and (2) following such additional input from the parties as the Court may order, further amend bail to lift the "no contact" provision.

Mr. Gramins was arraigned on the Indictment before Magistrate Judge Donna F. Martinez on September 10, 2015 (Dkt. 21). On September 11, 2015, Magistrate Judge Martinez

entered the Bail Order as to Mr. Gramins (Dkts. 33, 34), which set the following conditions of release: (1) the execution of an appearance bond in the amount of $1,000,000, co-signed by a financially responsible person (Mr. Gramins' spouse); (2) the restriction of travel to Connecticut, New York, and New Jersey, and, with approval in advance of Pretrial Services, elsewhere in the United States; (3) the surrender of Mr. Gramins' passport to counsel and a prohibition on obtaining a new passport or other international travel document; (4) the restriction of contact with certain persons and entities (the "No Contact List"), which the Court has twice narrowed over time.[1]

We respectfully submit that at this juncture—one year after the jury acquitted Mr. Gramins on six counts, failed to reach a verdict on two counts, and convicted him on only one count, which has since been vacated, and with Mr. Gramins' having appeared consistently at trial and all related conferences—that further restrictions on Mr. Gramins' travel and contacts with others are wholly unnecessary to address the twin concerns of the Bail Reform Act, namely, (1) the reasonable assurance of the appearance of the defendant as required, and (2) the safety of any other person in the community. *See* 18 U.S.C. § 3142(c)(1)(B) (requiring the court to fashion a bail package including the "least restrictive condition or combination of conditions" that meet the twin goals of the Act).

The Court should lift all conditions restricting Mr. Gramins' travel because the reasonable assurance of his appearance is not disputed. Throughout the long pendency of this

---

[1] By letter dated September 16, 2015, the government provided an extensive No Contact List, which identified thirty-six individuals and sixty-four institutions, to which defendants objected at a subsequent Court conference. On January 19, 2016, the Court narrowed the No Contact List to apply only to employees from the listed institutions who were involved in mortgage-backed securities trading or sales, or held legal or compliance positions. (Dkt. 96). On April 10, 2017, the Court further narrowed the No Contact List to apply to any person the government expected to call as a witness at trial. (Dkt. 345). At the time, the Court declined defendants' supplemental request (Dkt. 91) to permit defendants to have "minimal communications with individuals on the No Contact List for the purpose of facilitating defense counsels' contact with witnesses." (Dkt. 345).

criminal case, Mr. Gramins has continued to reside with his wife and two children in New York, New York, is currently employed, remains involved in community activities, and has appeared at all court conferences and hearings. There is, in short, no risk of flight and thus conditions 7(d) through (f) of the Bail Order should be rescinded, with a direction to counsel to return Mr. Gramins' passport to him.

Similarly, the removal of the No Contact List pursuant to condition 7(g) of the Bail Order will have no effect on the safety of persons in the community. In a case such as this one, where the integrity of the proceedings has never been at risk, this bail condition was never shown to be necessary. Notably, on defense applications, this Court has repeatedly narrowed its scope. (Dkts. 96, 345).

With this case now pending since September 2015, no basis exists to restrict Mr. Gramins' contacts in any respect, and the Bail Reform Act requires the removal of this bar on Mr. Gramins' liberty interests. *See United States v. Lillemoe*, No. 15-CR-25 (JCH) (D. Conn. May 28, 2015), Dkt. 47 (Merriam, J.) (removing a no-contact condition barring co-defendants from communicating outside the presence of counsel where it was not necessary to reasonably assure the safety of the community). Mr. Gramins has never engaged in any inappropriate witness contact, and other remedies available to the government serve to adequately deter any inappropriate contact. Mr. Gramins has and will maintain the integrity of these proceedings. Accordingly, condition 7(g) implementing the No Contact List should be lifted.

Government counsel has represented that, while it has no objection to the removal of conditions 7(d) through (f), relating to Mr. Gramins' travel, it objects to the removal of condition 7(g), relating to the No Contact List. Mr. Gramins' pre-trial officer Meghan D. Nagy of the U.S. Probation Office has been consulted, and she indicated that she does not object to the proposed

removal of conditions 7(d) through (f) and takes no position and defers to the Court on the portion of the request relating to condition 7(g).

Accordingly, on consent, Mr. Gramins respectfully submits a proposed Order rescinding conditions 7(d) through (f) of the Bail Order.

Mr. Gramins further respectfully requests that the Court, following such additional input from the parties as it may request, modify the Bail Order to remove all restrictions on Mr. Gramins' contacts under condition 7(g).

> Respectfully submitted,
>
> GREENBERG TRAURIG, LLP
>
> By: /s/ Marc L. Mukasey
> Marc L. Mukasey (CT29885)
> Jeffrey B. Sklaroff (PHV08423)
> Robert S. Frenchman (CT30437)
> 200 Park Avenue
> New York, New York 10166
> Telephone: (212) 801-9200
> Facsimile: (212) 801-6400
> Email: mukaseym@gtlaw.com
> *Attorneys for Michael Gramins*

## **CERTIFICATION OF SERVICE**

  I hereby certify that on June 12, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
    June 12, 2018

                /s/ Marc L. Mukasey
                Marc L. Mukasey
                GREENBERG TRAURIG, LLP
                200 Park Avenue
                New York, New York 10166
                Telephone: (212) 801-9200
                Facsimile: (212) 801-6400
                Email: mukaseym@gtlaw.com