UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, | S3 15-cr-00155 (RNC) |
| v. | July 9, 2018 |
| ROSS SHAPIRO and MICHAEL GRAMINS, | |
| Defendants. | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF
DEFENDANT MICHAEL GRAMINS' AMENDED
MOTION FOR MODIFICATION OF CONDITIONS OF RELEASE**

Defendant Michael Gramins, by his counsel, respectfully submits this Reply

Memorandum in further support of his motion for modification of conditions of release. Mr.

Gramins has fully abided by all bail conditions since inception, and the government's case

against him has significantly diminished. Moreover, the government has failed to provide a

single legitimate explanation as to why the no-contact order remains necessary.

As an initial matter, after almost three years under indictment, Mr. Gramins faces an

indefinite amount of further proceedings in connection with this case. Following a suggestion

made by the Honorable Robert N. Chatigny during a recent status conference, on June 27, 2018,

Mr. Gramins filed a motion for reconsideration of the Court's order that denied his Rule 29

motion for a judgment of acquittal.[1] ECF No. 520. That motion will not be fully briefed until

---

[1] At the conference, Judge Chatigny explained:

> [*Litvak II*] tells us that lying to take other people's money is not necessarily criminal. It tells us that this is a very unusual animal, the RMBS market, and the views of traders in that market may not themselves account for a lot. . . . The government may believe that somebody who lies to take somebody else's money is for that reason necessarily a criminal, and they might think that with very good reason, but that's not *what Litvak II* says. . . . Please talk about what makes sense from the standpoint of trying to move this toward a conclusion in a way that accommodates the legitimate interests and concerns of both sides, as one would do in a civil case. I don't know why

August 15, 2018, at which point the parties will await the Court's decision. This, however, is not the only pending legal issue. Separately, on July 5, 2018, the government filed a notice of appeal regarding the Court's prior order that granted Mr. Gramins' Rule 33 motion for a new trial on Count One. ECF No. 525. Thus, if the Court denies Mr. Gramins' motion for reconsideration of the Rule 29 decision, he will be unable to move forward with a retrial while the government pursues its appeal – a process which could take well over a year. Therefore, given the significant amount of additional time that Mr. Gramins may have to spend living under his conditions of bail, as well as the events that have unfolded since the no-contact order was last revised, such as the numerous acquittals for both Mr. Gramins and similarly situated defendants and the Second Circuit's reversal of Jesse Litvak's conviction, it is appropriate for the Court to revisit whether the order remains necessary to "reasonably assure the appearance of [Mr. Gramins] as required and the safety of any other person and the community." 18 U.S.C. § 3142(g); *see, e.g.*, *United States v. Hite*, 76 F. Supp. 3d 33, 41 (D.D.C. 2014), aff'd, 598 F. App'x 1 (D.C. Cir. 2015) ("[A]dditional information now available to the Court and the passage of time requires that the Court make its [bail] consideration anew.").

The Bail Reform Act requires courts to consider the weight of the evidence against a defendant as well as the history and characteristics of that person when determining conditions of release. 18 U.S.C. § 3142(g). Unsurprisingly, the government has declined to meaningfully address either of these two factors, as neither supports the imposition of the no-contact order. Mr. Gramins has fully complied with every condition of his release since he was first indicted almost three years ago, and it is now clearer than ever that the government's case against him

---

that isn't properly done here. I think it probably is, if anything, even more appropriate in this particular context, given how far we've come.

June 7, 2018 Status Conference Tr. at 28:6-10; 29:12-15; 31:20-32:1.

hangs precariously in the balance. Since the Court last revisited this issue, a jury failed to convict Mr. Gramins on eight of the nine charges against him, and the sole count of conviction has been vacated. In fact, out of the dozens of charges brought by the government regarding identical alleged conduct, not a single conviction stands.  Moreover, given the Second Circuit's recent evidentiary rulings in *United States v. Litvak*, 889 F.3d 56 (2d Cir. 2018), the evidence against Mr. Gramins at a retrial will be even weaker than that which failed to convict him on eight out of nine counts. Indeed, Mr. Gramins' Rule 33 motion was granted because the Court could not "conclude with fair assurance" that the admission of erroneous evidence did not result in Mr. Gramins' conviction. ECF No. 504 at 20.

Rather than address the drastic change in circumstances since the Court's last bail order was issued, the government continues to blindly conclude that because Mr. Gramins is alleged to have lied to his customers during negotiations, the no-contact order remains necessary to assure the safety of the community since Mr. Gramins may "act improperly" in the absence of such an order. There is no factual basis for such prejudicial conjecture. Moreover, "[t]he fear that criminal defendants generally, or even fraud defendants in particular, might end up 'shading, spinning, or dissembling the truth' if given the opportunity, is not enough" to justify a no-contact order. *United States v. Lillemoe*, No. 3:15CR00025 (JCH), 2015 WL 9694385, at *2 (D. Conn. May 28, 2015). Instead, "[t]he determination must be made on an individualized basis." *Id.*; *see also id.* at *3 (quoting *United States v. Scott*, 450 F.3d 863, 870 (9th Cir. 2006)) ("[T]he mere worry that an indicted person may commit a crime, such as obstruction of justice or evidence tampering, is not sufficient to justify every restraint on that person because '[c]rime prevention is a quintessential general law enforcement purpose and therefore is the exact opposite of a special need.'"). For example, in *United States v. Gotti*, 794 F.2d 773 (2d Cir. 1986) – a case to which

the government has repeatedly cited for support – the Second Circuit upheld the district court's revocation of John Gotti's bail because there was evidence that he had harassed a witness by making threatening phone calls and tampering with the brakes of the witness' vehicle. *Id.* at 775. While a defendant need not engage in conduct this extreme before a bail condition is imposed, the mere possibility of misconduct is insufficient.[2]

Finally, even if the government could show that a no-contact order remains appropriate, the current order makes no sense at this juncture. The government last provided defense counsel with a witness list on March 23, 2017. Excluding custodian witnesses, that list contained twenty-eight individuals, only eight of which were actually called to testify at trial. Based on the interview notes that the government has turned over to the defense, the government has never even spoken to a number of the witnesses on its list about this case. Counsel for Mr. Gramins has asked the government if it intends to provide an updated list, but has not received any substantive response. Thus, at the very least, the government should be required to narrow the list to those individuals that it reasonably believes may testify at a retrial in this matter.[3]

---

[2] The government continues to point to Mrs. Shapiro's brief contact with Mr. Wollman as justification for the restriction against both defendants. As previously briefed, this conduct was in no way violative of the court's order. However, even if it were, the government fails to explain how a violation of the order by the spouse of Mr. Shapiro justifies a restriction against Mr. Gramins.

[3] The government is also incorrect in asserting that Mr. Gramins' request is moot because the government's potential witnesses are represented by counsel. While certain ethical rules prohibit *attorneys* from communicating with individuals who are represented by counsel, *see, e.g.*, ABA Model Rule 4.2, such rules do not extend to clients. *See, e.g.*, *Miano v. AC & R Advert., Inc.*, 148 F.R.D. 68, 83 (S.D.N.Y.) ("[T]here is nothing in the disciplinary rules which restricts a client's right to act independently in initiating communications with the other side, or which requires that lawyers prevent or attempt to discourage such conduct."). In fact, even attorneys can communicate with represented parties about matters outside the scope of the representation. *See* Comments to ABA Model Rule 4.2 ("This Rule does not prohibit communication with a represented person . . . concerning matters outside the representation."). Clearly, such attorney ethical rules should not prevent a non-attorney from speaking to potential witnesses about matters outside the scope of the legal matter.

Accordingly, Mr. Gramins respectfully requests that the Court modify the Bail Order to remove all restrictions on Mr. Gramins' contacts under condition 7(g).

Respectfully submitted,

GREENBERG TRAURIG, LLP

By: /s/ Marc L. Mukasey
    Marc L. Mukasey (CT29885)
    Jeffrey B. Sklaroff (PHV08423)
    Robert S. Frenchman (CT30437)
    200 Park Avenue
    New York, New York 10166
    Telephone: (212) 801-9200
    Facsimile: (212) 801-6400
    Email: mukaseym@gtlaw.com
    *Attorneys for Michael Gramins*

## CERTIFICATION OF SERVICE

I hereby certify that on July 9, 2018, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
July 9, 2018

/s/ Marc L. Mukasey
Marc L. Mukasey
GREENBERG TRAURIG, LLP
200 Park Avenue
New York, New York 10166
Telephone: (212) 801-9200
Facsimile: (212) 801-6400
Email: mukaseym@gtlaw.com