UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:15CR155 (RNC) |
| | : | |
| v. | : | |
| | : | |
| ROSS SHAPIRO and | : | |
| MICHAEL GRAMINS | : | February 8, 2020 |
| | : | |

<u>MOTION TO SET A TRIAL DATE AND EXCLUDE TIME UNDER THE SPEEDY TRIAL
ACT</u>

The Government respectfully requests that the Court set a date for the retrial of unresolved counts in this matter and exclude the further delay under the Speedy Trial Act, pursuant to 18 U.S.C. § 3161(h)(7)(A). As discussed more fully below, the requested continuance is in the interest of justice because it will allow the Court to properly consider and rule on the defendant's post-trial motions in light of the Second Circuit's recent ruling and allow sufficient time for pre-trial proceedings, including any pre-trial motions by the parties.

**I.     Background**

The grand jury originally returned an indictment against the defendants in September 2015, charging them with conspiracy, securities fraud and wire fraud. Following months of discovery and multiple rounds of pretrial and *in limine* motions, a jury trial began on May 3, 2017. After six weeks of trial, the jury convicted defendant Gramins on one count of conspiracy, failed to reach a verdict on one count of securities fraud and one count of wire fraud and acquitted him on the remaining counts. The jury failed to reach a verdict on Shapiro's conspiracy charge and acquitted him of the substantive securities and wire fraud charges.

On June 27, 2017, the defendants moved for a judgement of acquittal or, on Gramins' one count of conviction, a new trial.  Dkt. 440.  The motion contemplated that the defendants would

file supporting memoranda on a schedule to be determined.  On June 29, 2017, the defendants requested, with the Government's agreement, that the Court order any new trial to begin on January 29, 2018 and to exclude the intervening time under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A) "in order to prepare and submit Defendants' post-trial motions, permit the government an opportunity to respond, allow the Court to consider and decide the motions, and to ensure continuity of counsel." Dkt. 441. On July 6, 2017, the Court granted the defendant's motion. The Court also approved a schedule that called for the defendants' post-trial Rule 29 and Rule 33 motions to be due on August 28, 2017.  Dkt. 442.

On August 28, 2017, the defendants submitted their post-trial motions. Consistent with their earlier motion, defendants Shapiro and Gramins both moved for a judgment of acquittal. In the alternative, Gramins also moved for a new trial on his count of conviction. After briefing by both parties, the Court held oral argument on November 8, 2017.

On January 16, 2018, the Government moved, with the defendants' agreement, to continue the trial until July 16, 2018, to "allow the Court to properly consider and rule on the defendant's post-trial motions, allow the Court to incorporate into its ruling the Second Circuit's pending decision in *United States v. Litvak*, and allow sufficient time for pre-trial proceedings, including any pre-trial motions by the parties."  Dkt. 490 at 1.  On January 25, 2018, the Court granted the motion in part, continuing trial and excluding time until May 8, 2018. Dkt. 491.  On February 1, 2018, counsel for Gramins asked that the Court continue trial until the previously-requested date of July 16, because of his and Government counsel's trial schedule.  Dkt. 493.  On May 1, 2018, the Court granted that application in part, scheduling jury selection on June 12 and evidence starting on July 9, 2018.  Dkt. 494.

On June 5, 2018, the Court issued its ruling denying the defendants' Rule 29 motions, but

2

granting Gramins motion for a new trial (the "Rule 33 order"). On June 6, 2018, Shapiro moved for a severance and for a trial date. Dkt. 505. However, during a hearing on June 7, 2018, Shapiro took the Court's invitation to move for reconsideration of the denial of his Rule 29 motion, and requested a trial "in the fall of 2018 subject to the Court's calendar." Dkt. 511 at 35. The Court excluded time until the next trial date in the interests of justice, although no date was set, pending resolution of the reconsideration motions. *Id*. at 41. On June 27, 2018, both defendants filed motions for reconsideration. Dkts. 519, 522. On July 5, 2018, the Government filed a notice of appeal from the Court's Rule 33 order. Dkt. 525. Shapiro filed supplemental briefs on October 5, 2018 and March 12, 2019 in support of his motion for reconsideration. Dkts. 534, 539.

On September 20, 2019, the Second Circuit reversed the Rule 33 order and reinstated Gramins's conviction. *United States v. Gramins*, 939 F.3d 429 (2d Cir. 2019). A mandate issued December 4, 2019. Dkt. 541. On December 19, 2019, the Government filed a supplemental opposition to the motions for reconsideration, in light of the Second Circuit's opinion. Of note, the *Gramins* court went through a detailed discussion of the facts in this case and held that "[t]he district court therefore properly applied our holdings in *Litvak I* and *II* in denying Gramins's motion for judgment of acquittal." *Gramins*, 939 F.3d at 447.[1] The defendants responded to the Government's supplemental briefing on January 6, 2020. Dkts. 544, 545.

## II.    Argument

The Speedy Trial Act, 18 U.S.C. § 3161, permits the Court, on its own motion or in response to a party's motion, to grant a continuance that will be excluded from the speedy trial clock, "if the judge granted such continuance on the basis of [the Court's] findings that the ends

---

[1] For the Court's information, the Second Circuit requested from the Government *all* of the Government's trial exhibits.

of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  To do so, the Court must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial."  *Id.*  The Supreme Court has explained that "[t]he best practice . . . is for a district court to put its findings on the record at or near the time when it grants the continuance." *Zedner v. United States*, 547 U.S. 489, 507 n.7 (2006).  The Act articulates certain factors, "among others," that a district court should consider in making it findings.  For example, the district court must consider:

> (i) Whether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice.

> (ii) Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

> . . .

> (iv) Whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or so complex as to fall within clause (ii), would deny the defendant reasonable time to obtain counsel, would unreasonably deny the defendant or the Government continuity of counsel, or would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

18 U.S.C. § 3161(h)(7)(B).

However, the Act's list of factors for ends-of-justice findings is "non-exhaustive," and this provision "furnishes '[m]uch of the Act's flexibility' because it 'gives the district court discretion—within limits and subject to specific procedures—to accommodate limited delays for case-specific needs.'"  *United States v. Dingham*, 716 F.3d 915, 921 (5th Cir. 2013) (quoting *Zedner*, 547 U.S. at 498-99); *see also United States v. Green*, 516 Fed. App'x 113, 122 (3d Cir.

4

2013) (referring to § 3161(h)(7)(B) as "non-exhaustive list of the factors a judge must consider"); *United States v. Hills*, 618 F.3d 619, 626 (7th Cir 2010) (same).

Here, several factors augur in favor of the requested continuance.

First, a continuance will appropriately provide the Court with additional time to consider the reconsideration motions in light of the Second Circuit's recent lengthy decision in *Gramins* and the parties' post-decision briefing. The Court has not indicated whether it wishes further briefing or argument.

Second, the parties will need ample time to consider the evidence in light of *Gramins* and this Court's reconsideration decision, which may very well impact the way in which a re-trial proceeds. Those decisions may well generate additional motion practice that would precede any re-trial.[2]

Third, it has been nearly three years since the first trial in this matter, and the parties will require time to prepare effectively for a new trial, particularly in a case where the first trial took well over a month.

Because an "order excluding time from speedy trial computation should be made in anticipation of a particular trial date," *United States v. Gambino*, 59 F.3d 353, 358 (2d Cir. 1995) (internal quotations omitted), the Government requests that the Court place this matter for trial on its calendar for a specific date in September 2020, and exclude the time until then.[3] The

---

[2] Additional time to prepare pre-trial motions, should they be necessary, would be separately excludable if the Court makes appropriate findings. *Bloate v. United States*, 559 U.S. 196, 204 (2010).

[3] Some courts have found that the resolution of post-trial motions on mis-tried counts would otherwise toll the speedy trial clock as to a new trial under 18 U.S.C. Section 3161(h)(1) ("Any period of delay resulting for other proceeding concerning the defendant"). *See United States v. Salerno*, 108 F.3d 730, 736 (7th Cir. 1997) (time spent litigating post-trial motions and resolving sentencing disputes was excludable under § 3161(h)(1)) and *United States v. Agostini*, 279 F. Supp. 2d 276 (S.D.N.Y. 2003) (delay of retrial caused by defendant's post-trial motions was excludable under the Speedy Trial Act). *But see United States v. Symington*, 195 F.3d 1080 (9th Cir. 1999) (only the period that a post-trial motion is under advisement is excludable.). However, thirty days has now passed since the last briefing on the issue, and the Court has not indicated whether it intends to hear argument or take the motions under advisement.

Government also asks that the Court memorialize that its exclusion of time began on June 7, 2018. Dkt. 511 at 41.  As the *Gramins* court made clear, the issues that have been on appeal directly impacted the course of a retrial in this matter, and the Court rightly deferred any retrial on either defendant until the Second Circuit ruled.

Finally, the setting of a trial date does not preclude a pre-trial resolution of this matter by the parties.  However, the Government is not prepared to discuss such a resolution until the pending motions have been resolved.

6

**III.     Conclusion**

Accordingly, the Government respectfully requests that the Court continue the trial until a specific date in September 2020 and exclude the time from June 12, 2018 until the new trial date under the Speedy Trial Act, pursuant to 18. U.S.C. §3161(h)(7)(A). The Government has consulted with counsel for the defendants, who object to the motion.

Respectfully submitted,

JOHN H. DURHAM
UNITED STATES ATTORNEY

/s/

_____
DAVID E. NOVICK
ASSTANT UNITED STATES ATTORNEY

/s/

_____
HEATHER L. CHERRY
ASSISTANT UNITED STATES ATTORNEY

U.S. Attorney's Office
157 Church Street
New Haven, CT 06510
(203) 821-3700
David.Novick@usdoj.gov

CERTIFICATE OF SERVICE

      This is to certify that on February 8, 2020, a copy of the foregoing Motion was filed electronically.  Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail on anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

      /s/

_____
DAVID E. NOVICK
ASSISTANT U.S. ATTORNEY

8