UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> v. <br><br> MICHAEL GRAMINS, <br><br> Defendant. | S3 15-cr-00155 (RNC) <br><br> April 28, 2021 |

**SUR-REPLY MEMORANDUM OF LAW IN FURTHER OPPOSITION TO THE GOVERNMENT'S MOTION FOR ENTRY OF ORDER OF RESTITUTION**

Mukasey Frenchman LLP
2 Grand Central Tower
140 E. 45th St., 17th Floor
New York, New York
Tel (212) 466-6400

*Attorneys for Michael Gramins*

## TABLE OF CONTENTS

ARGUMENT ............................................................................................................1

I.   The Government's Restitution Calculation is Inaccurate ..................................1

     A.    The Government's Position on Counterparty Profits is Not Supported by Law...... 1

     B.    The Government Misstates the Relationship Between Nomura's Restitution Obligations and Restitution Owed by Gramins........................................................ 3

     C.    The Government Has Not Adequately Addressed Co-Conspirator Liability........... 4

II.  The Need to Provide Restitution to Nomura's Counterparties is Outweighed by the Burden on the Sentencing Process ......................................................................4

CONCLUSION .......................................................................................................5

# TABLE OF AUTHORITIES

## Cases

*In re Newsday Litig.*,
    No. 08-MC-096(JBW), 2008 WL 2884784 (E.D.N.Y. July 23, 2008) ............................ 4

*United States v. Brown*,
    No. 11-CR-00449 (SJ), 2016 WL 11263165 (E.D.N.Y. Dec. 2, 2016)............................ 2

*United States v. Gushlak*,
    728 F.3d 184 (2d Cir. 2013)............................................................................................ 5

*United States v. Innarelli*,
    524 F.3d 286 (1st Cir. 2008) ........................................................................................... 2

*United States v. Nucci,*
    364 F.3d 419 (2d Cir. 2004)............................................................................................ 3

*United States v. Oladimeji,*
    463 F.3d 152 (2d Cir. 2006)............................................................................................ 2

*United States v. Termini,*
    No. 3:09-CR-245 (SRU), 2016 WL 199398 (D. Conn. Jan. 15, 2016), *aff'd sub nom.*
    *United States v. Dalicandro,* 711 F. App'x 38 (2d Cir. 2017)....................................... 1, 2

## Statutes

18 U.S.C. § 3663A ................................................................................................................. 4, 5

## Other Authorities

*In the Matter of Nomura Sec. Int'l, Inc.*,
    Exchange Act Release No. 86372, 2019 WL 3074081 (July 15, 2019) ........................... 3

Defendant Michael Gramins, by his counsel, respectfully submits this Sur-Reply Memorandum of Law in further opposition to the government's Motion for Entry of Order of Restitution.

## ARGUMENT

### I.    The Government's Restitution Calculation is Inaccurate

#### A.    The Government's Position on Counterparty Profits is Not Supported by Law

In cavalier fashion, the government claims that the Court need not subtract counterparties' profits from a restitution award because "the actual loss is the excess compensation victims paid Nomura based on the traders' lies" and "[v]ictims do not recoup this loss when they sell the bonds." Gov Br. at 3.  The government is incorrect.  It is well established that the benefit that a victim receives as a result of a defendant's conduct must be deducted from a restitution award "even if the benefit . . . comes in a different form than the original loss sustained." *United States v. Termini*, No. 3:09-CR-245 (SRU), 2016 WL 199398, at *3 (D. Conn. Jan. 15, 2016), *aff'd sub nom. United States v. Dalicandro,* 711 F. App'x 38 (2d Cir. 2017).[1]

For instance, in *Termini*, the defendants, who were executives at a healthcare company, defrauded an investor by misrepresenting that certain funds would be used to install new sprinkler systems in nursing homes when the funds were actually used to pay taxes that the company owed to the State of Connecticut.  *Id.* at *1.  With respect to restitution, the government argued "that because [the investor] wanted its money spent for sprinkler installations, the restitution award may not be reduced by anything except money spent on sprinklers."  *Id.* at *3.  The court rejected the government's overly narrow position, concluding that:

> What the government essentially argues is that the court should consider [the investor's] expectation damages, and compensate [the investor] because it did not

---

[1] Gramins incorporates by reference the arguments set forth in his opposition brief as to why the government has not proven that any counterparty suffered an actual loss.  *See* Def. Br. at 7-13.

> get what it wanted in the form it wanted. But as the Second Circuit has noted, 'the MVRA is not the vehicle to obtain . . . expectation damages. Criminal restitution . . . is not concerned with a victim's disappointed expectations but only with his actual loss.'

*Id.* (quoting *United States v. Boccagna*, 450 F.3d 107, 119 (2d Cir. 2006)); *see also United States v. Oladimeji*, 463 F.3d 152, 160 (2d Cir. 2006) (when the defendant fraudulently obtained a home-equity loan from a financial institution, a reduction in the restitution award would be appropriate if the institution recouped some of its losses through the foreclosure process). The same reasoning applies here. Counterparties' losses must be offset by profits that they later earned as a result of entering into the relevant transactions. Requiring Gramins to pay restitution on top of these profits would result in an improper "windfall" because it would place the counterparties in better positions than they were in before the trades occurred. *See United States v. Brown*, No. 11-CR-00449 (SJ), 2016 WL 11263165, at *7 (E.D.N.Y. Dec. 2, 2016) ("Restitution is intended to place victims in the position they would have occupied had they not entered the fraudulent transaction.").

The Court can also easily reject the government's argument that counterparties' profits should not be subtracted from a restitution award because "had victims paid the actual compensation Nomura claimed to be making, victims' profits would have been larger." Gov. Br. at 3. Indeed, the government's position would completely swallow the rule that requires courts to offset profits from restitution awards and ignores the basic principle that restitution must be limited to *actual* loss. *See United States v. Innarelli*, 524 F.3d 286, 294 (1st Cir. 2008) (district court improperly refused to subtract a victim's profits from a restitution award based on the logic that the victim "could have made a great deal more money" in the absence of fraud; such reasoning "suggests that the district court may have impermissibly taken into account intended loss in calculating" restitution).

**B.    The Government Misstates the Relationship Between Nomura's Restitution Obligations and Restitution Owed by Gramins**

Without citing to any authority, the government claims that "Nomura's agreement with the [Securities and Exchange Commission ("SEC")] to pay into the Investor Protection Fund any undistributed remediation is irrelevant to the restitution calculation."  Gov. Br. at 4.  The opposite is true; Nomura's remediation obligations are imperative to the Court's analysis because restitution cannot be used to seek duplicate payments for the same loss.  *See United States v. Nucci,* 364 F.3d 419, 423 (2d Cir. 2004).

The government now says that, if directed by the Court, it intends to reach out to counterparties that either declined to receive payments from Nomura or could not be reached by the bank "to confirm that these counterparties will refuse court-ordered, statutorily mandated restitution, on behalf of their investors."  Gov. Br. at 4-5.  Gramins takes no position as to whether it is appropriate for the government to contact the counterparties Nomura was unable to compensate.  However, regardless of whether the government's outreach attempts are successful, it is grossly improper to seek a restitution order against Gramins that would be duplicative of the remediation that Nomura agreed to pay when it settled with the SEC in July 2019.  Any remediation payments to counterparties must come from Nomura (not Gramins), pursuant to the Order entered by the SEC upon the consent of Nomura almost two years ago.  *See In the Matter of Nomura Sec. Int'l, Inc.*, Exchange Act Release No. 86372, 2019 WL 3074081 (July 15, 2019) (the "SEC Order"), at ¶¶ 32-33.  Likewise, any remediation payments that remain undistributed must be paid to the Investor Protection Fund by Nomura (not Gramins), pursuant to that same SEC Order.  *See id.* ¶ 33d.  Indeed, Nomura itself has acknowledged to Gramins its pre-existing and unconditional obligations, under paragraphs 32 and 33 of the SEC Order, to make remediation payments to counterparties, and to make payment of any undistributed remediation amounts to the Investor

Protection Fund. For all of these reasons, the government's attempt to obtain yet another remediation payment from Gramins – on top of those already owed by Nomura – is punitive and improper, and does not serve any of the purposes of restitution.

### C. The Government Has Not Adequately Addressed Co-Conspirator Liability

The government was silent on co-conspirator liability in its opening brief, and its reply simply states that "the government will not object to restitution being assigned joint and several in any future sentencing." Gov. Br. at 5. This response, however, fails to acknowledge that the MVRA "grants a sentencing court discretion to 'make each defendant liable for payment of the full amount of restitution or . . . apportion liability among the defendants to reflect the level of contribution to the victim's loss.'" *In re Newsday Litig.*, No. 08-MC-096(JBW), 2008 WL 2884784, at *3 (E.D.N.Y. July 23, 2008) (citing 18 U.S.C. § 3664(h)). Indeed, the government has not explained why restitution should be joint and several in this case, rather than apportioned among Gramins, Dinucci, and perhaps (at some stage) Shapiro. For the reasons discussed in Gramins' opposition brief, apportioned liability is far more appropriate in this case.

### II. The Need to Provide Restitution to Nomura's Counterparties is Outweighed by the Burden on the Sentencing Process

A court can decline to order restitution if "determining complex issues of fact related to the cause or amount of the victim's losses would complicate or prolong the sentencing process to a degree that the need to provide restitution to any victim is outweighed by the burden on the sentencing process." 18 U.S.C. § 3663A(c)(3)(B).

The government argues that the burden on the sentencing process is minimal because "the methodology to determine actual loss is straightforward" and the Court's bifurcation of sentencing and restitution has allowed Gramins to move forward with his appeal while the issue of restitution is outstanding. Gov. Br. at 6. The government misses the point; its overly-simplistic actual loss

calculation – which ignores the myriad of relevant factors set forth in Gramins' opposition brief – is precisely why its proposed restitution order is so problematic.  As this Court has recognized, the question of actual loss (if it can be proven at all) is a complex and factually-intensive inquiry.  *See* Trial Tr. 2473:21-23; 2475:8-12; 2478:10-2479:2.  Moreover, Gramins' ability to proceed with his appeal is irrelevant to the Court's restitution analysis, as the MVRA directs courts to consider the "burden on the *sentencing process*."  18 U.S.C. § 3663A(c)(3)(B) (emphasis added); *see also United States v. Gushlak*, 728 F.3d 184, 192 (2d Cir. 2013) (this provision was enacted "to ensure that the process of determining . . . restitution be streamlined and that the sentencing phase[s] of criminal trials [would] not become fora for the determination of facts and issues better suited to civil proceedings" (citations omitted)).

The government also fails to address the counterparties' need for restitution – likely because it knows it cannot advance a colorable argument regarding any such need – and instead merely asserts that "[i]t is not up to Gramins to determine which victims do not need or want the payments."  Gov. Br. at 6.  The government's position, however, completely ignores the fact that the MVRA requires the Court to "weigh against the burden of ordering restitution the victims' interests in receiving restitution." *Gushlak*, 728 F.3d at 192.  Here, the counterparties' interests in receiving restitution have revealed themselves to be demonstrably weak.  Some counterparties could not be bothered to provide payment instructions.  Others did not respond at all.  Nor did Gramins unilaterally determine that certain counterparties "do not want" restitution payments.  It was Nomura that attempted to make the payments, falling short of complete success.  It was Nomura that reported its successful and unsuccessful payments to the parties in this case.

## CONCLUSION

For the reasons set forth above, the Court should deny the government's Motion for Entry of Order of Restitution.

Respectfully submitted,

Mukasey Frenchman LLP

By: /s/ Marc L. Mukasey
    Marc L. Mukasey (CT29885)
    Robert S. Frenchman (CT30437)
    Kate E. Olivieri
    2 Grand Central Tower
    140 East 45th Street, 17th Floor
    New York, NY 10017
    Tel (212) 466-6400

    *Attorneys for Michael Gramins*

## <u>CERTIFICATION OF SERVICE</u>

I hereby certify that on April 28, 2021, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the Court's CM/ECF System.

Dated: New York, New York
      April 28, 2021

                              /s/ Marc L. Mukasey
                              Marc L. Mukasey
                              Mukasey Frenchman LLP
                              2 Grand Central Tower
                              140 E. 45th St., 17th Floor
                              New York, New York
                              Tel (212) 466-6400